BARKDULL, Judge.
Appellants, defendants below, seek review of a declaratory decree, holding that the appellees, who hold the positions of desk sergeant, booking officer, prison guard and' matron with the City of Miami, are within: the intentions of Ch. 185, Fla.Stat., F.S.A.,. and are entitled to the benefits provided by the City of Miami Ordinance 6558, governing the Miami Police Relief and Pension* Fund. Said benefits were denied the ap-pellees by the Board of Trustees of the-Miami Police Relief and Pension Fund and, subsequent to a hearing on the merits, the-chancellor found for the appellees.
We deem the question presented to be-whether there was substantial evidence presented to support the findings of the chancellor. It is clearly shown in the record' on appeal that the appellees are charged'. *537 ■with the enforcement of the ordinances of the City of Miami and the Statutes of the State of Florida. They are issued badges identifying their authority, guns and they have power of arrest. The record also shows the appellees are subject to the rules and regulations of the Official Police Manual of the City of Miami, Dade County, Florida.
Section 185.02, Fla.Stat., F.S.A., defines a police officer as: “ ‘Police officer’ means full-time police officers who receive compensation from municipal funds of any incorporated municipality of the state for services rendered.” § 186.03(34), Fla.Stat., F.S.A., defines police officer as: “ * * * every officer of the municipal police department or any such officer authorised to direct or regulate traffic or to make arrests.” .[Emphasis added.]
The duties of the appellees, in this instance, are primarily the supervision of the ■city jail and the supervision of the prisoners and their activities during the terms of their confinements. There is no question that these services rendered by the appellees can be classified a police function in that they keep the public peace; that they conserve both life and property, and that their activities are vital to public welfare of this State, pursuant to § 185.01, Fla.Stat., F.S.A. Certainly the actual keeping and custody of prisoners confined in a jail, is the performance of an inherent and naked police function. State ex rel. Priest v. Gunn, Mo.1959, 326 S.W.2d 314.
After carefully reviewing the record, we ■conclude there is substantial evidence to ■support the findings of the chancellor holding that desk sergeants, booking officers, prison guards and matrons are policemen within the intentions of Ch. 185, Fla.Stat., F.S.A., and are entitled to benefits under the Miami Police Relief and Pension Fund. We therefore affirm the decree of the lower •court.
Affirmed.
CARROLL, J., dissents.