[Civ. No. 29342. First Dist., Div. One. Apr. 6, 1972.]

BURNHAM KIMBALL, Plaintiff and Respondent, v.
COUNTY OF SANTA CLARA, Defendant and Appellant.

## COUNSEL

William M. Siegel, County Counsel, and Robert T. Owens, Deputy County Counsel, for Defendant and Appellant.

Morgan, Beauzay & Hammer and Annette G. Bialson for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—This is an appeal from a judgment in favor of plaintiff following an order granting a motion for summary judgment.

Plaintiff was employed by defendant in its sheriff's department as a correctional officer. He became disabled on or about January 22, 1968, by illness arising out of and in the course of his employment, and was temporarily totally disabled from pursuing any employment until September 30, 1968. On July 16, 1968, plaintiff applied to defendant for a leave of absence as provided in Labor Code section 4850.[1] His application was denied and he then brought the instant declaratory relief action seeking to have a determination that section 4850 is applicable to him. Plaintiff thereafter filed a motion for summary judgment which was accompanied by a declaration in which he set forth the duties he performed while employed by defendant as a correctional officer in the sheriff's office. In support of his motion plaintiff also relied on defendant's answer to interrogatories. Defendant filed no counteraffidavit or declaration in opposition to the motion but did submit a memorandum of points and authorities. The trial court granted the motion for summary judgment and judgment was thereupon entered thereon.

Section 4850 provides, in relevant part, as follows: "Whenever . . . any officer or employee of a sheriff's office, . . . who is a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his duties, he shall become entitled, . . . to leave of absence while so disabled without loss of salary, in lieu of temporary disability payments, if any, which would be payable under this chapter, . . . This section shall apply only to . . . any officer or employee of a sheriff's office, . . . who are members of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937 . . . and excludes such employees of a county

---

[1]Unless otherwise indicated all statutory references are to the Labor Code.

sheriff's office whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly come within the scope of active law enforcement service. . . ."

Defendant contends that section 4850 does not confer benefits on correctional officers. The facts, as presented below, are not in dispute. Therefore, the question is not whether there is a triable issue of fact but one involving the interpretation of section 4850 in the light of the undisputed facts. (See *Noroian* v. *Department of Administration*, 11 Cal.App.3d 651, 654 [89 Cal.Rptr. 889].)

We first observe that plaintiff's uncontradicted declaration states that during his employment by the sheriff's office he was subject to the County Employees Retirement Law of 1937. (Gov. Code, § 31450 et seq.) This statement was not challenged by defendant in the court below, although in its closing brief defendant now asserts that plaintiff is not subject to the County Employees Retirement Law because an allegation to this effect in plaintiff's complaint was denied in defendant's answer. █ It is elementary, of course, that a defendant may not remedy his failure to disclose by counteraffidavit evidence supporting a possible defense by resort to verified pleadings. (*Coyne* v. *Krempels*, 36 Cal.2d 257, 262 [223 P.2d 244]; *McHugh* v. *Howard*, 165 Cal.App.2d 169, 174 [331 P.2d 674].) In any event, defendant concedes that plaintiff is a member of the Public Employees' Retirement System. (Gov. Code, § 20000 et seq.) Membership in such system suffices to bring plaintiff within the provisions of section 4850 if the other requirements of the statute are satisfied. █ Accordingly, our sole inquiry is whether plaintiff is an employee of the sheriff's office whose duties are such as to entitle him to the benefits provided for in section 4850.

Defendant's job description for the position of correctional officer describes the duties of such an officer as follows: "Supervises the conduct of inmates in living quarters, during meals and bathing, at recreation and on work assignments; maintains security of inmates by taking periodic counts and by surveilance of activities; supervises groups of inmates assigned to shop, farm, road, or other maintenance activities and insures that the work is performed properly; conducts shakedowns and confiscates contraband; inspects quarters for cleanliness and proper order; reports infractions of rules and regulations and irregular and suspicious occurrences; reports unauthorized absences and escapes; prepares written reports on the work, conduct, and habits of inmates and their adjustment to the program; may recommend assignment to work furlough program or return to more secure confinement at the main jail; exercises influence toward motivating inmates

to modify their antisocial attitudes and behavior; orients new inmates to rules and regulations and advises and instructs them on their responsibilities; admits visitors with proper credentials within the authorized regulations and time schedule and advises them on the rules and procedures; and does other related work as required."

■ Plaintiff's uncontroverted declaration[2] respecting his duties stated as follows: "My duties as a correctional officer at the Elmwood Rehabilitation Center involved the supervision of prisoner inmates, including the detection of criminal activities within the facility, confiscation of contraband materials, the preservation of such materials for evidentiary purposes, and arrest and processing of criminal offenders (including advising the suspects of their legal rights), and the subsequent rendering of crime reports and testifying in court. During my tenure at the Elmwood facility, I have made over one dozen arrests."

Adverting to the construction of section 4850, ". . . our concern is to ascertain and to give effect to the legislative intent. [Citations.] ■ In ascertaining the intent articulated in a statute, the court should first turn to the words of the statute to determine the will of the Legislature [citations] and give effect to the statute according to the usual, ordinary import of the language employed in framing it. [Citations.]" (*Noroian* v. *Department of Administration, supra,* 11 Cal.App.3d 651, 654-655.)

■ We first observe that section 4850 applies to an officer or employee of a sheriff's office. It is undisputed that plaintiff is an employee of defendant's sheriff's office. The subject statute provides, however, that its benefits are not available to employees "whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise . . . ." Construing this language according to ordinary usage, we must conclude that the principal duties associated with the specific occupations do not correspond in any respect with the principal duties of plaintiff as set forth in either the county job description or in plaintiff's declaration. We note, further, that section 4850 goes on to provide that such employees are excluded "whose functions do not clearly come within the scope of active law enforcement service." The question posed is thus whether the Legislature intended that the functions performed by plaintiff be considered as "within the scope of active law enforcement service."

In resolving this issue, it is permissible to turn to certain extrinsic sources

---

[2]"Where the moving affidavit is uncontroverted the trial court is entitled to accept as true, for the purposes of the motion for summary judgment, the facts stated therein, provided they are within the personal knowledge of the affiant and are facts to which he could competently testify. [Citations.]" (*Goldstein* v. *Hoffman,* 213 Cal. App.2d 803, 811 [29 Cal.Rptr. 334].)

for guidance. (*Noroian* v. *Department of Administration, supra,* 11 Cal. App.3d 651, 655.) Although the opinions of the Attorney General are not controlling, they are entitled to great weight. (*Noroian* v. *Department of Administration, supra,* at p. 656, fn. 2.) The Attorney General has expressed the following opinion as to the Legislature's intent in enacting section 4850: "The reason for such exceptional treatment for policemen and firemen is obvious: not only are their occupations particularly hazardous, but they undertake these hazards on behalf of the public. The Legislature undoubtedly sought to ensure that policemen and firemen would not be deterred from zealous performance of their mission of protecting the public by fear of loss of livelihood." (51 Ops.Cal.Atty.Gen. 32, 34.)

It cannot be seriously contended that the supervision of prison inmates is any less hazardous than the supervision of the general public by policemen. Detection of criminal activity within the walls of a prison cannot be functionally distinguished from the detection of criminal activity in society. Fellow correctional officers and prison inmates are entitled to the same expectation as the general public with respect to protection against criminal attack. It follows that correctional officers should not be deterred from zealous performance of their mission by fear of loss of livelihood. It would therefore serve the apparent intent of the Legislature to find that plaintiff is entitled to the benefits provided by section 4850.

The Legislature has provided that the provisions of division 4 of the Labor Code, which includes section 4850, "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (§ 3202.) " 'Where provisions of such laws are susceptible of an interpretation either beneficial or detrimental to injured employees or ambiguity appears, they must be construed favorably to the employees.' [Citation.]" (*Burns* v. *Workmen's Comp. App. Bd.,* 2 Cal.App.3d 539, 543 [82 Cal.Rptr. 678].)

The law enforcement service envisioned by section 4850 is that service which is actually performed by an employee and not necessarily only that which is set out in his job description. This conclusion is consistent with the rule that a statute should be construed so as to effectuate its purpose. (*Noroian* v. *Department of Administration, supra,* 11 Cal.App.3d at p. 656.) Plaintiff's declaration clearly sets forth activities which are subsumed under the common view of law enforcement. They are distinguished from the law enforcement services provided by the local policeman only in that they are performed behind prison walls rather than in the public arena. We therefore conclude that plaintiff's functions "clearly come within the scope of active law enforcement service" and that he is entitled to the benefits provided by section 4850.

Defendant suggests that the Legislature's intent respecting section 4850 may be found by examining sections 20017.7, 20017.75, 20017.76 and 20017.77 of the Government Code. It asserts that these enactments manifest a legislative intent that persons having custodial duties are not engaged in active law enforcement. Accordingly, defendant argues that since correctional officers are persons having custodial duties they are not engaged in active law enforcement.

The subject sections of the Government Code are a part of the "Public Employees' Retirement Law." (Gov. Code, §§ 20000-21500.) The purpose of this law is to provide a retirement system consisting of retirement compensation and death benefits for the employees therein specified. (Gov. Code, § § 20001, 20012.) The persons who are included in the membership of this system are divided into two categories, i.e., "state members" and "local members." (Gov. Code, § 20013.) The category of "state members" includes the designation "law enforcement members." (Gov. Code, § 20013, subd. (b)(7)), and the sections dealing with such members exclude from these definitions personnel whose duties are "clerical or otherwise and which do not clearly fall within the scope of active law enforcement service." (Gov. Code, §§ 20017.7, 20017.75.)

Defendant argues that because the last quoted exclusionary provision is identical to that found in section 4850 we must look to the subject Government Code sections to ascertain the legislative intent. This argument is predicated on the provisions of Government Code section 20017.77 which were added in 1970. These provisions state that officers and employees of the Department of Corrections and the Youth Authority having custodial duties are law enforcement officers notwithstanding the provisions of Government Code section 20017.75 providing for the exclusion of clerical personnel or the other duties therein mentioned that are not within the scope of active law enforcement service. The gist of defendant's argument is, therefore, that since the Legislature has made a specific exception for custodial officers who are employees of the Department of Corrections and the Youth Authority, the legislative intent was that all other employees who perform custodial duties are not to be deemed to be engaged in active law enforcement.

We find no merit in defendant's argument. In the first place, under the state of the record, the trial court was justified in concluding that plaintiff was an employee subject to the County Employees Retirement Law rather than a member of the Public Employees' Retirement System. The latter law applies only to employees who are members of the system as therein

provided. In the light of the record plaintiff was not a state employee. Accordingly, he is not included in the designation "law enforcement members." Moreover, since the evidence establishes that plaintiff is subject to the County Employees Retirement Law, he would not be a "local member" of the Public Employees' Retirement System. Accordingly, since one of the conditions of section 4850 is that the employee be either a member of the Public Employees' Retirement System or subject to the County Employees Retirement Law, an employee coming within the purview of the latter law would be unaffected by the provisions of the former. No contention is made that the interpretations here urged are warranted by any provisions of the County Employees Retirement Law. (See Gov. Code, §§ 31469, 31469.1, 31469.3, 31470, 31470.2; 22 Ops.Cal.Atty.Gen. 227; 37 Ops.Cal.Atty.Gen. 144.)

Assuming, *arguendo,* that plaintiff is a member of the Public Employees' Retirement System, we do not perceive how plaintiff could be affected by the 1970 restrictive enactments to that law since his employment antedated such enactment. We apprehend, moreover, that the purport of the Government Code sections relied upon by defendant is to define who are "law enforcement members" for the purpose of qualifying an employee as a "state member." They do not, however, relegate those who qualify as "local members" to the restrictive delineations of the statutes relied upon by defendant. The statutes applicable to employees who are "local members" define employees of a county sheriff's office as "local safety members" and the last mentioned designation includes within its definition an employee who is a "county peace officer." (See Gov. Code, § 20021.5; and see Gov. Code, §§ 20013, subd. (c)(2) and 20019.) These statutes employ the identical pertinent language of section 4850, i.e., that employees whose functions do not clearly come within the scope of active "law enforcement service" in excluding persons from membership in the Public Employees' Retirement System. They do not, however, provide the same restrictions contended for by defendant with respect to "law enforcement members" who are "state members."

We are persuaded, moreover, that the statutes relied upon by defendant do not specifically purport to define the duties or functions that "clearly come within the scope of active law enforcement service" as that terminology is used in both the Government Code statutes and section 4850. These duties and functions are to be determined, in the absence of specific delineations, by the service actually performed by the employee. For the reasons indicated above, we interpret the meaning of the language "active

law enforcement service" to embrace the duties and functions performed by plaintiff as a correctional officer.

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.