[Civ. No. 43260. Second Dist., Div. One. Oct. 23, 1974.]

S. DAVID SCHALK, Plaintiff and Appellant, v.
DEPARTMENT OF ADMINISTRATION, PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, Defendant and Respondent.

**COUNSEL**

Michael D. Stump for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer and Willard A. Shank, Assistant Attorneys General, Edward M. Belasco and Blanche C. Bersch, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**THOMPSON, J.**—The matter at bench reaches us on a judgment of dismissal of appellant's amended petition for writ of mandate entered after respondent's demurrer to the petition was sustained without leave to amend. It raises the issue of the applicability of the "law enforcement member" disability retirement provisions of Government Code section 20017.77 to a teacher employed by the California Youth Authority permanently disabled while aiding a fellow teacher under attack during a riot at a Youth Authority institution. We conclude that on the facts

alleged in the amended petition, appellant qualifies for retirement pursuant to section 20017.77. Accordingly, we reverse the judgment.

Because the case at bench reaches us in demurrer, we treat the allegation of facts contained in the amended petition as true. So viewed, the record establishes the following. Appellant was employed as a full-time teacher by the State of California Department of Youth Authority. In addition to his primary function as a teacher, appellant, as a part of his duties, was "expected to assist security staff as directed in times of institutional emergency or escape." His "security duties" were ". . . aimed towards keeping of wards in the institution and preventing injury to other wards or to staff." His superiors recognized that he might "be exposed to danger in performing [the security] functions." The Youth Authority was "committed to providing necessary and appropriate training for all staff who [might] be expected to assist in emergencies . . . ." The extra duties of appellant were those also performed by "security officers" of the Youth Authority.

On September 17, 1970, appellant was injured when he came to the aid of a fellow teacher under attack in the course of a riot at the institution where appellant was employed. On August 9, 1971, the injuries were found to be permanent and appellant was forced to retire. He sought retirement disability benefits pursuant to Government Code sections 20017.77 and 21292.75, claiming that he was a member of the class of state employees covered by those sections. His application for benefits having been denied by the Public Employees Retirement System (PERS) and PERS having denied him an administrative hearing on the ground that the statutory scheme conclusively required rejection of his claim, appellant filed his petition in mandamus which began the case at bench. A demurrer to his amended petition was sustained without leave to amend, and this appeal from the resulting judgment followed.

■ The petition states a legally sufficient cause of action. Government Code section 21292.75, in effect at the time of appellant's injury and application for disability retirement,[1] provided a special disability retirement allowance for "law enforcement members" of the state employees retirement system. "Law enforcement members" of the system included: persons employed in the Department of Justice "whose principal duties consist of law enforcement" (Gov. Code, §§ 20017.75, 21292.75); members of the California State Police Division "whose principal duties consist of law enforcement" (Gov. Code, § 20017.75); ". . . persons while employed

---

[1]The statutes here involved have since been renumbered and modified in wording without change in substance.

by the San Francisco Port Authority . . . whose principal duties consisted of active law enforcement . . ." (Gov. Code, § 20017.76); lifeguards ". . . whose principal duties consist of active protection, rescue, and rendition of aid . . ." (Gov. Code, § 20017.8); and "officers and *employees in . . . the Department of the Youth Authority employed to perform the duties now performed in positions with the following class titles*: Director, Department of the Youth Authority; Chief, Division of Parole and Community Services; Deputy Chief, Division of Parole and Community Services; program administrator, correctional school; assistant superintendent, correctional school; all classes of superintendent, correctional school; Youth Authority camp superintendent; assistant superintendent, Youth Authority camp; Chief, Division of Institutions; treatment team supervisor; all classes of transportation officers, Youth Authority; *security officer*; all classes of group supervisors; all classes of parole agent, Youth Authority; all classes of youth counselor; . . ." (Gov. Code, § 20017.77; italics added.)[2]

Members of the defined class are entitled to disability retirement when unable ". . . to engage in any substantial gainful occupation by reason of any physical or mental impairment . . ." (Gov. Code, § 21381) resulting from an injury or disease ". . . arising out of and in the course of . . . employment . . ." (Gov. Code, § 20038). The petition now before us concededly alleges with legal sufficiency appellant's disability arising out of and in the course of his employment. Resolution of the issue raised by the trial court action thus turns upon appellant's inclusion within the class of "law enforcement members" of the state employees retirement system as defined in Government Code section 20017.77.

The issue appears to be one of first impression requiring us to construe the governing statute to identify and promote the legislative intent. (*Noroian* v. *Department of Administration*, 11 Cal.App.3d 651, 654 [89 Cal.Rptr. 889].) We approach that task turning ". . . first to the words [of the statute] themselves for the answer" and relying upon "extrinsic aids" (*People* v. *Knowles*, 35 Cal.2d 175, 182 [217 P.2d 1]). The words of the statute are consistent with a construction which includes appellant as a "law enforcement member" of the system. The critical terminology defines as members of the class persons "employed to perform the duties performed by a security officer of the Youth Authority." Webster's Third New International Dictionary of the English Language, Unabridged (1966),

---

[2]The quoted language of Government Code section 20017.77 is agreed by both appellant and respondent to be applicable to the case at bench although its effective date is July 1, 1971. We accept the agreement for the purpose of this appeal.

states "to make use of" as a primary definition of "employed." Appellant was used to perform duties carried out by a security officer, i.e., to assist in quelling a riot and in rescuing a victim of it. His use in that capacity was pursuant to duties assigned to him. Thus, if the legislative intent was to use the word "employed' in the quoted primary dictionary definition, as opposed to a description of the principal purpose for which appellant was hired, appellant qualifies as a "law enforcement member." The legislative intent to use the word in that dictionary sense appears from the history of Government Code section 20017.77 and from a comparison of that section with closely related statutes.

The precursor to section 20017.77 was Government Code section 21292.8, which provided that a member of the Department of Corrections having custodial duties who retired for disability received special benefits. Judicial construction of the predecessor statute rejected the claim that only persons whose duties were primarily custodial were within the class defined by it, stating: ". . . the Legislature did not expressly restrict the allowance to those whose duties were principally or primarily custodial. If such a restriction had been intended it would seem that a provision therefor would have been made, . . ." (*Ralston* v. *State Employees' Retirement System*, 273 Cal.App.2d 228, 236-237 [78 Cal.Rptr. 31]; see also, *Noroian* v. *Department of Administration*, *supra*, 11 Cal.App.3d 651, 656.) Former section 20017.77 was expanded in scope to include employees of the Youth Authority as well as the Department of Corrections. In the expansion of coverage, the concept of "custodial duties" was eliminated. It was replaced by statutory coverage also based upon "duties" but of specifically designed job titles. The legislative enactment of section 20017.77 without restriction to persons whose primary duty was one of those described in it, viewed in the light of the judicial construction of the predecessor section, is a strong indication of an intent of the Legislature that the same judicial construction should apply to the successor statute. The history of Government Code section 20017.77 thus suggests that it incorporates within the defined class all employees of the Youth Authority, some of whose duties include those of a security officer even though the included duties may be supplemental to the primary duty for which the person was hired.

A comparison of section 20017.77 with closely related provisions of the Government Code leads to the same conclusion. Persons employed by the Justice Department are considered law enforcement members of the retirement system only when their "principal duties consist of law enforcement." (Gov. Code, § 20017.75.) The same limitation to "principal duty" is expressed as to persons employed by the San Francisco Port Authority

(Gov. Code, § 20017.76), members of the state police (Gov. Code, § 20017.75), and lifeguards (Gov. Code, § 20017.8). No "principal duty" limitation is imposed in the case of employees of the Youth Authority. The presence of the limitation in the related statutes strongly suggests that its omission from the statute which governs the case at bench was intended to give section 20017.77 a broader sweep.

We thus conclude that those persons employed by the Youth Authority whose assigned duties include any substantial portion of those of a security officer are "law enforcement members" of the state employees retirement system. Here appellant's petition alleges those facts.[3]

Respondent argues for a contrary interpretation of section 20017.77, contending that application of the rule of *expressio unius est exclusio alterius* dictates a construction that a teacher, whatever his assigned duties, cannot be a "law enforcement member," and that rejection of a proposed amendment to the statute to cover teachers expressly evidences a legislative intent to exclude them from the benefits of the section. The doctrine of *expressio unius* does not present a persuasive argument. Latin phraseology is seldom an adequate substitute for reason. Here, it certainly is not. The long list of jobs stated in section 20017.77 is expressed as a description of duties which, when assigned to an employee of the Youth Authority, qualify him or her as a "law enforcement member" of the system. It is not significant that appellant's title is "teacher." What is relevant is his assignment which included the performance of duties which are those of a security officer. The rejection of an amendment to section 20017.77 in its course through the Legislature which would have included persons employed in the position title of "teacher" (S.B. 1185, 1970)[4] is similarly irrelevant to the matter

---

[3]We do not here consider whether Youth Authority teachers who are assigned security officer duties are eligible for early retirement pursuant to Government Code section 20950. There, an entirely different legislative history is involved.

[4]"SEC. 2. Section 20017.77 is added to the Government Code, to read: 20017.77. Notwithstanding the provisions of Section 20017.75, 'law enforcement member' shall also include employees of the Department of Corrections with the position titles of correctional officer, correctional sergeant, correctional lieutenant, correctional captain, correctional program supervisor, parole agent, and women's correctional supervisor, vocational instructor, stationary engineer foreman, medical technical assistant, high school teacher, music teacher, food manager, supervising cook II, supervising cook I, storekeeper I and II, laundry supervisor, carpenter foreman, painter foreman, supervising groundsman, quarry foreman, chief engineer, electrician foreman, plumber foreman, stationary engineer, equipment maintenance foreman, supervising nurse II, supervising nurse I, senior medical technical assistant, electrician I, plumber I, food administrator, baker, butcher-meatcutter, graduate nurse; and employees of the Department of Youth Authority with the position titles of group supervisor, senior group supervisor, assistant head group supervisor, head group supervisor, parole agent, youth counselor, instructors and teachers, security officer, graduate nurse, supervising nurse I, transportation officer and senior youth counselor."

at bench. The amendment was one by which a "law enforcement member" of the Department of the Youth Authority would have been defined by job title rather than by duties performed, and covered a veritable laundry list of denominations. Its rejection by the Legislature in favor of a "duties performed" approach adds nothing to the knowledge of legislative intent other than that the Legislature preferred substance of work done to form of title of job.

The judgment is reversed.

Wood, P. J., and Lillie, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 18, 1974.