QUESTION: Are employees of the Department of Offender Rehabilitation who are designated law enforcement officers pursuant to s. 790.001(8)(d), F. S., law enforcement officers within the meaning and intent of s. 90.141, F. S.?
SUMMARY: Employees of the Department of Offender Rehabilitation who have been designated as "law enforcement officers" by the head of the department and are actually serving as armed guards or custodial officers or employees with custody and control of prisoners in any of our correctional institutions are entitled to the per diem, travel expenses, and witness fees authorized for "law enforcement officers" by s. 90.141, F. S., when appearing as an official witness to testify at any hearing or law action in any court as a direct result of their employment as such law enforcement officers, i.e., armed guards or custodial officers or employees. The opinion as herein expressed is limited to those employees of the Department of Offender Rehabilitation who are actually serving as armed guards or custodial officers and employees. The designation for the purposes of s. 790.001(8)(d), F. S., does not make one a law enforcement officer within the general meaning of the term. Witness fees and mileage generally are provided by s. 90.14, F. S. — presently $5 per day for each day's actual attendance and also 6 cents per mile for actual distance traveled to and from the courts. Prior to 1963, s.902.19(4), F. S., specifically prohibited law enforcement officers from receiving witness fees or mileage "when summoned to testify in any court sitting in the county in which he holds office, is employed, or has his residence." However, by Ch. 63-508, Laws of Florida, as amended by Ch. 67-427, Laws of Florida (s. 90.141, F. S.), "[a]ny law enforcement officer of any municipality, county or the state" who appears as an official witness to testify at any hearing or law action in any court of this state "as a direct result of his employment as a law enforcement officer" is entitled to per diem and traveling expenses at the same rate provided for state employees under s. 112.061, F. S., as well as the $5 witness fee provided by s. 90.14, F. S., in certain circumstances. The designation of employees of the Department of Offender Rehabilitation as "law enforcement officers" in Ch. 790 is for the purpose of exempting them from the firearm licensing requirement of that act. The question of whether such employees should be considered "law enforcement officers" within the purview of s. 90.141, F. S., providing for the payment of per diem and travel expenses of such persons when appearing as official witnesses, is an entirely different matter. Chapter 90, F. S., nowhere provides a definition of "law enforcement officer" for the purposes of that chapter; thus, the term, as employed in, and for the purposes of, s. 90.141 must be construed in light of general judicial definitions of the term. A law enforcement officer is one whose duty it is to preserve the peace. Black's Law Dictionary (Rev'd Fourth Ed. 1968). In Frazier v. Elmore, 173 S.W.2d 563 (Tenn. 1943), the court said: "We commonly refer to and describe those whose duty it is to preserve the peace as `peace officers' or `law enforcement officers.'" In this context, at least, a peace officer is synonymous with a law enforcement officer. Cf. "Peace Officers," Black's Law Dictionary (Rev'd Fourth Ed. 1968). Restatement of Torts 2d, s. 114, defines a peace officer as one "designated by public authority whose duty it is to keep the peace, and arrest persons guilty or suspected of crime." The supervision of prisoners and their activities during the terms of their confinement can be classified as a police function in that they keep the public peace. Headley v. Sharpe, 138 So.2d 536 (3 D.C.A. Fla., 1962), cert. denied, 146 So.2d 749. The court in Headley v. Sharpe, supra, citing State ex rel. Priest v. Gunn, 326 S.W.2d 314
(Mo. 1959), stated: "Certainly the actual keeping and custody of prisoners confined in a jail is the performance of an inherent and naked police function." Other jurisdictions have similarly held that prison guards and custodial officers or employees are law enforcement or peace officers. See State v. Grant, 245 A.2d 528
(N.J. Ct. App. 1968); Kimball v. County of Santa Clara,24 Cal.App.3d 780, 101 Cal.Rptr. 353 (1972); and Bell v. City of Cincinnati, 88 N.E. 128 (Ohio 1909). And in dicta, the court in Taylor v. Multnomah County Deputy Sheriffs' Retirement Board,265 Or. 445, 510 P.2d 339 (1973), indicated that a corrections officer (i.e., jail matron) may very well "preserve the peace." For the purposes of the special death benefit payable to law enforcement officers under s. 112.19, F. S., the term "law enforcement officer" is defined to include full-time officers and employees whose duties require them to handle or guard persons arrested for, charged with, or convicted of the violation of criminal laws. Prior to the repeal of s. 902.19(4), supra, it was construed by this office as applying to a Beverage Department Supervisor who, under the Beverage Act, had "all the powers of Deputy Sheriffs in the enforcement of the beverage laws of this state and in the prosecution of offenders against such law," AGO 039-626, Biennial Report of the Attorney General, 1939-1940, p. 87, but not to a fruit inspection employee who had no authority to arrest or any general police power, AGO 039-684, Biennial Report of the Attorney General, 1939-1940, p. 87. Under s. 843.04(1), F. S., prison officers and guards are specifically directed to "immediately arrest any convict, held under the provisions of law, who may have escaped." And s. 944.39, id., prohibiting persons from interfering with prisoners in various ways, authorizes prison guards and inspectors or any employee of the division to arrest without a warrant any person violating the provisions of that section. Employees of the Division of Corrections, while actually serving as armed guards or custodial officers or employees in our correctional institutions, are charged with the responsibility of keeping and custody of prisoners in state correctional institutions and enforcing the law relating to the custody and recapture of prisoners and are just as much "law enforcement officers" within the area of their jurisdiction as are sheriffs and municipal police officers within their respective jurisdictions. I understand that the employees designated by you as law enforcement officers pursuant to s. 790.001(8)(d), F. S., so that they may carry a weapon without a permit, are only those with actual custody and control over inmates. And I am of the opinion that employees who have been designated by you as "law enforcement officers" and who are actually serving as armed guards or custodial officers or employees in our state correctional system have the same right as other law enforcement officers of the state to the per diem, travel expenses, and witness fees, in certain circumstances, provided by s. 90.141, F. S.