608 P.2d 144

STATE of New Mexico, Petitioner,

v.

Michael RHEA, Respondent.

No. 12759.

Supreme Court of New Mexico.

March 17, 1980.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha Daly, Appellate Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

PAYNE, Justice.

Defendant, Michael Rhea, was convicted in the district court of escape from jail, robbery, and battery upon a peace officer. The Court of Appeals summarily reversed the defendant's conviction of battery upon a peace officer, finding that it was improper to prosecute the defendant under section 30–22–24, N.M.S.A.1978 (Battery upon a peace officer), when Section 30–22–17, N.M.S.A.1978 (Assault by a prisoner), was specifically applicable to the facts of this case. The majority also stated that any argument holding a jailer to be "a peace officer is totally without merit." We reverse the Court of Appeals.

In reaching its conclusion that the section dealing with assault by a prisoner was more specifically suited to the facts of this case than the section dealing with battery upon a peace officer, the Court of Appeals erroneously engaged in factual determinations while having before it only the limited rendition of the facts found in the docketing statement. Although a complete record may fail to support the trial court's verdict and support the decision of the Court of Appeals that the facts of the case would more nearly fit a different statute, it was premature to summarily reverse the trial court using only the docketing statement as the basis for reversal.

We also reach a different conclusion upon the interpretation of the statutes. Section 30–22–24(A) defines battery upon a peace officer as:

the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner.

Section 30–22–17 defines assault by a prisoner as intentionally:

A. *placing an officer* or employee of any penal institution, reformatory, jail or prison farm or ranch, or a visitor therein, *in apprehension of an immediate battery likely to cause death or great bodily harm;*

B. *causing or attempting to cause great bodily harm to an officer* or employee of any penal institution, reformatory, jail or prison farm or ranch, or a visitor therein; or

C. *confining or restraining an officer* or employee of any penal institution, reformatory, jail or prison farm or ranch, or a visitor therein, with intent to use such person as a hostage. (Emphasis added.)

 The Court of Appeals looked to *State v. Riley*, 82 N.M. 235, 478 P.2d 563 (Ct.App.1970), which held that where general and specific statutes condemn the same crime, and where each requires the same proofs, it is error to prosecute under the general statute. While this is a correct statement of law, it is not applicable to this case. Although it is possible for the same set of facts to fall within the ambit of both statutes, they do not deal with the same crime, but deal with two different crimes. The Court of Appeals' conclusion that the State had prosecuted the defendant under the wrong statute is founded upon the conclusion that a jailer is not a peace officer. Section 30–1–12(C), N.M.S.A.1978, designates a peace officer as:

any public official or *public officer vested by law with a duty to maintain public order* or to make arrests for crime, whether that duty extends to all crimes or is limited to specific crimes . . . . . (Emphasis added.)

We hold that the Legislature did not exclude jailers from its definition of peace officers. A jailer is an officer in the public domain, charged with the duty to maintain public order. Other jurisdictions have also held jailers to be peace officers. *See Schalk v. Department of Admin., Pub. Emp. Retire. Sys.*, 42 Cal.App.3d 624, 117 Cal. Rptr. 92 (1974); *Kimball v. County of Santa Clara*, 24 Cal.App.3d 780, 101 Cal.Rptr. 353 (1972); *State v. Grant*, 102 N.J.Super. 164, 245 A.2d 528 (1968).

We reverse and remand this matter to the Court of Appeals with instructions to determine if further proceedings and review are necessary.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, FEDERICI and FELTER, JJ., concur.