613 P.2d 725

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Charles R. GARCIA,**
**Defendant-Appellant.**

**No. 3855.**

Court of Appeals of New Mexico.

April 29, 1980.

Writ of Certiorari Denied June 20, 1980.

Theodore E. Lauer, Eileen R. Mandel, Lauer & Mandel, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., David J. Berardinelli, Asst. Dist. Atty., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The indictment charged ten sex offenses. Defendant was acquitted of five charges, convicted of four counts of criminal sexual penetration in the second degree, and convicted of one count of attempted criminal sexual penetration in the second degree. One issue is dispositive and requires a new trial; accordingly, we do not discuss other issues that were briefed and do not discuss the dispute as to whether the issues were properly raised in the docketing statement. The issue discussed concerns a psychological examination. Prior to trial defendant moved for an order requiring the complaining witness to submit to a psychological examination on the ground that the examination was essential to adequate preparation of the defense. Defendant contends that denial of this motion was error.

There is no issue as to the timeliness of defendant's motion. The several criminal sexual penetration offenses charged in the

indictment were second degree offenses perpetrated "by the use of force or coercion which results in personal injury to the victim[.]" Section 30–9–11(B)(2), N.M.S.A. 1978. Two weeks prior to trial a statement of facts was filed by the State in response to defendant's motion for a statement of facts filed ten months earlier. The statement of facts revealed that the "personal injury" relied on by the State was "mental anguish". See § 30–9–10(C), N.M.S.A.1978. Defendant's motion for a psychological examination was filed one week after the State disclosed it was relying on "mental anguish" as the "personal injury" charged in the indictment.

One of the grounds asserted in defendant's motion was that the State was relying on mental anguish to establish the personal injury. The State's written response stated the court "does not have jurisdiction * * to order such an examination of a person who is not a party to the law suit". The trial court's written order denying the motion does not state on what grounds the motion was denied.

In defending the trial court's ruling in the appeal, the State shifts grounds. On appeal, the State does not contend that the trial court lacked authority to order the examination; rather, the State claims that ordering the examination was discretionary with the trial court and denial of the motion was not an abuse of discretion. When the question of the examination arose during the trial, the court stated:

> The Court ruled that the Court cannot cause a witness who is a non-party to the action to submit to a psychiatric examination in a situation such as this and ruled against you on that motion.

The context of this remark was an examination "upon the question of mental anguish". The trial court's ruling was that it "cannot" order the examination in that situation. This does not show a discretionary ruling by the trial court.

We emphasize the narrowness of the issue before the trial court. The issue does not involve an effort to obtain information concerning the prior sex life of the complaining witness. See *State v. Herrera*, 92 N.M. 7, 582 P.2d 384 (Ct.App.1978). Nor does the issue involve an effort to obtain an examination directed to the mental condition of the complaining witness prior to the activities on which the charges against defendant were based. *State v. Romero*, 94 N.M. 22, 606 P.2d 1116 (Ct.App.1980). The issue involves defendant's effort to have the complaining witness examined for "mental anguish" when the State was relying on mental anguish as the "personal injury" which raised the criminal sexual penetration from a third degree to a second degree felony. Compare Paragraphs B(2) and C in § 30–9–11, supra.

■ The State charged that the several alleged criminal sexual penetrations were perpetrated by force or coercion resulting in mental anguish. The jury was instructed that the State was required to prove the mental anguish, as an element of the crime, beyond a reasonable doubt. See Use Note 6 to U.J.I.Crim. 9.45. The dissenting opinion in *State v. Romero*, supra, states: "A victim's mental condition is irrelevant when force and coercion are used or when it is not related to the issue of consent." This statement is incorrect. The mental condition (mental anguish) is relevant when the State alleges the force or coercion resulted in mental anguish to the victim. There is no question that mental anguish was relevant in this case. Evidence Rule 401; *State v. Martin*, 90 N.M. 524, 565 P.2d 1041 (Ct.App. 1977).

■ The trial court has authority to order the examination for mental anguish, however, it has discretion in connection with that order. The discovery permitted in depositions is stated in R.Crim.Proc. 29(b):

> Unless otherwise limited by order of the court, parties may obtain discovery regarding any matter, not privileged, which is relevant to the offense charged or the defense of the accused person * * *.

We recognize the applicability of the quoted language to a request for a psychiatric examination in *State v. Romero*, supra. If the

trial court denied the motion for examination on the basis that it lacked authority to order the examination on a matter relevant to the offense charged, the trial court erred.

In contending on appeal that the trial court's ruling was discretionary, and that there was no abuse of discretion, the State asserts: (1) the defendant made no effort to demonstrate the necessity for the examination and (2) defendant never claimed the witness was mentally incapacitated. The issue is not necessity, but relevancy; the issue is not mental incapacity, but mental anguish resulting from defendant's alleged force or coercion. Defendant sought the examination because the State had alleged mental anguish; the relevancy being established by the *State's* allegation, defendant had made a sufficient showing for the examination.

■ The State contends that defendant never questioned the complaining witness, in her deposition, concerning her mental condition. On this basis, the State contends that "expert testimony as to the credibility of the witness is not admissible." A sufficient answer to this argument is that the deposition of the complaining witness was taken approximately five months *before* the State disclosed that it was relying on mental anguish; at the deposition defendant had no cause to inquire concerning the mental condition and such questioning at that point would have been open to objections for relevancy.

The State contends that defendant failed to advise the trial court of the testimony that could be available through the psychiatrist. The psychiatrist "could have testified as to what his proposed examination would reveal." The State fails to inform us how the psychiatrist could testify as to what the examination would reveal before an examination was conducted. The transcript shows that the prosecutor relied on the rule for exclusion of witnesses to keep the psychiatrist from observing the complaining witness; the trial court ruled that the psychiatrist could "look at" the complaining witness and "observe her walking but he may not listen to any questions asked of her

as a witness in this case. That would be a violation of the rule." Defendant had no basis for a tender concerning the psychiatrist's testimony.

■ The State contends that the denial of defendant's motion for an examination was proper because "expert testimony are [sic] not required." The State's argument distinguishes between mental anguish and great mental anguish. Because mental anguish, as distinguished from great mental anguish, is not defined in terms of psychiatric or psychological treatment or care, § 30–9–10(B) and (C), supra, and because mental anguish requires no more than distress of mind, *State v. Jiminez,* 89 N.M. 652, 556 P.2d 60 (Ct.App.1976), the State contends, correctly, that expert testimony is not required to establish mental anguish. This, however, has nothing to do with the denial of the discovery, to which defendant was entitled, of information relevant to the essential element of mental anguish which the State had to prove. If the State is contending that where expert testimony is not required to prove an element of the crime the defendant may not utilize expert testimony in connection with that element, the contention is frivolous.

The State contends that the discovery sought by the defendant should not be authorized except for the most compelling reasons. In the cases cited by the State in support of this argument the examination was sought on broad grounds—the victim's mental condition and how that condition affected the victim's credibility. See *Ballard v. Superior Court of San Diego County,* 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838 (1966); *Dinkins v. State,* 244 So.2d 148 (Ct. App., Fla.1971); *Forbes v. State,* 559 S.W.2d 318 (Tenn.1977). Our decision in *State v. Romero,* supra, is consistent with a "compelling reason" approach when the examination is sought on the general ground of mental condition affecting the victim's credibility as a witness. The "compelling reason" approach is not applicable in this case where there was a specific basis for the examination (to discover information concerning the mental anguish which the State

was required to prove), and where such discovery was authorized by R.Crim.Proc. 29(b).

■ If the trial court exercised its discretion in denying the motion for examination, the denial was an abuse of discretion because the effect of the ruling was to prohibit discovery by defendant of information concerning an essential element of the crime charged. Compare *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975). If the motion is renewed upon remand, and the State continues to rely on "mental anguish", the examination should be authorized, subject to appropriate protective orders concerning the examination and use of the results of the examination. R.Crim.Proc. 31; see *State v. Romero*, supra.

The judgment and sentences are reversed. The cause is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.