641 P.2d 498

STATE of New Mexico, Petitioner,

v.

James L. JACKSON, Respondent.

No. 13908.

Supreme Court of New Mexico.

Feb. 22, 1982.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for petitioner.

Ronald E. Koch, Albuquerque, for respondent.

## OPINION

PAYNE, Justice.

We granted certiorari to determine whether, after the defense has voluntarily revealed to the prosecution the results of a psychiatric examination of a victim, ordered at the request of the defendant, the prosecution may then use those results at trial. We hold that it can, and reverse the lower courts.

The defendant was indicted on a charge of second degree criminal sexual penetration as defined by Section 30–9–11(B), N.M.S.A.1978. The State alleged mental anguish as the personal injury necessary to charge a second degree offense. The State introduced the testimony of its expert witness, a medical doctor, which established that the victim had suffered the necessary anguish. The defendant was convicted but a mistrial was declared for reasons not relevant here.

Prior to retrial, the defendant filed a motion requesting a psychiatric examination of the victim. The court ordered the exam at the expense of the public defender, pursuant to *State v. Garcia*, 94 N.M. 583, 613 P.2d 725 (Ct.App.), *cert. denied*, 94 N.M. 675, 615 P.2d 992 (1980). After making the examination, the psychologist, Dr. Foote, at the defendant's request contacted the prosecution and reported that this was one of the worst cases of rape trauma syndrome he had ever seen. This was followed by a suggestion of a plea bargain to a third degree offense, to save the victim from having to testify. No plea agreement was reached.

Subsequently, the State filed a notice of its intent to call Dr. Foote as a witness. The defendant moved to exclude Dr. Foote's testimony on grounds that he was retained by the defendant and would not be called as a defense witness. In its arguments at the hearing on the motion, the defendant claimed attorney-client privilege, work-product privilege, Rule 28 of the New Mexico Rules of Criminal Procedure relating to discovery, cumulative evidence, and prejudice.

Stating that the law was unclear with respect to this particular question, the trial court granted the defendant's motion. In its order, the court found that the State could not call Dr. Foote as a witness because he was retained by the defendant and was not going to be called by the defense. The court also found that the "information, test results, documents, reports and testimony is not discoverable by the State of New Mexico pursuant to Rule 28 N.M.R. C.P. [N.M.R.Crim.P. 28, N.M.S.A. 1978 (Repl.Pamp.1980)]."

The State appealed to the Court of Appeals, which affirmed, reasoning that since the State appealed pursuant to Section 39–3–3(B)(2), N.M.S.A.1978, the evidence excluded must be "substantial proof of a fact material in the proceeding." The Court of

Appeals held that Dr. Foote's testimony was cumulative, and therefore could not have satisfied the statutory requirement; thus there was no appealable order.

■ We find no basis for the conclusion that Dr. Foote's testimony was cumulative. Such a determination should be made at trial based on the testimony presented, not based on speculation at the appellate level. *See State v. Rhea*, 94 N.M. 168, 608 P.2d 144 (1980). The State contends that the two experts, are specialists in different fields and examined the victim at different times. It acknowledges that the testimony may be harmonious, but asserts that it will not necessarily be cumulative. Without knowing the precise testimony to be offered, we cannot say it will be cumulative. We reverse the Court of Appeals on this issue.

The trial court excluded Dr. Foote's testimony on grounds that it was not discoverable under Rule 28, which provides:

(a) *Information subject to disclosure.* [T]he defendant shall disclose or make available to the state: * * * *

(2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce in evidence at the trial or which were prepared by a witness whom the defendant intends to call at trial if the results or reports relate to his testimony * * * *

\* \* \* \* \* \*

(c) *Information not subject to disclosure.* Except as to scientific or medical reports, this rule does not authorize the discovery or inspection: (1) of reports, memoranda, or other internal defense documents made by the defendant, his attorneys or agents, in connection with the investigation or defense of the case * * * *

■ In the circumstances of this case, there was no need for the State to discover Dr. Foote's testimony; it had already been given to the State. The voluntary disclosure of the results of the examination constitutes a waiver of the defendant's right against forced disclosure. The disclosure also destroys any privileges claimed by the defense. N.M.R.Evid. 511, N.M.S.A.1978.[1] The issue is whether Dr. Foote's testimony may be used by the State at trial, not whether the testimony is discoverable. This question of admissibility cannot be resolved without considering, in the proper context, the particular evidence offered in light of assertions that it is cumulative, prejudicial, and so on.[2] Accordingly, we reverse and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and FEDERICI, J., concur.

RIORDAN, J., not participating.

---

1. Defense counsel argues that there was no voluntary disclosure because he personally was not the defendant's attorney at the time the disclosure was made, or alternatively because Dr. Foote was not a party. Neither of these arguments are persuasive in light of the disclosure made to the State by Dr. Foote at the request of the defendant's former counsel. Rule 511 applies to the predecessor of the party asserting the claim, and covers both consent to disclosure of "any significant part of the matter or communication" as well as outright disclosure.

2. Possible issues arising under N.M.R.Evid. 410, N.M.S.A.1978, were not properly raised; therefore, we do not reach them.