This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                  **No. 35,059**

**JOSEPH WATERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1} Defendant Joseph Waters appeals from his convictions after a jury trial of kidnapping, contrary to NMSA 1978, Section 30-4-1(A) (2003); criminal sexual penetration (CSP) in the first degree, contrary to NMSA 1978, Section 30-9-11(D) (2009); aggravated battery, contrary to NMSA 1978, Section 30-3-5 (1969); and interference with communications, contrary to NMSA 1978, Section 30-12-1 (1979). [DS 2; *see also* RP 121-23] In this Court's notice of proposed disposition, we proposed to summarily affirm. [CN 1, 9] Defendant filed a timely memorandum in opposition to our proposed summary affirmance, including a motion to amend his docketing statement to add additional issues for our consideration. We have duly considered Defendant's memorandum in opposition and motion to amend, and we remain unpersuaded. We therefore affirm Defendant's convictions.

{2} Defendant continues to argue that there was insufficient evidence to sustain his convictions [MIO 12-15] and also moves to add four additional issues for this Court's consideration: (Issue I) Defendant's convictions for aggravated battery and first degree CSP based upon great bodily harm violate double jeopardy [MIO 1, 7]; (Issue III) the State violated Defendant's due process rights by failing to take pictures of Defendant the day after the incidents [MIO 1, 15]; (Issue IV) the seventeen-and-a-half-month delay in this case violates Defendant's right to a speedy trial [MIO 1, 17];

and (Issue V) Defendant should have been mirandized and his statement should have been suppressed [MIO 1, 21]. We address each issue in turn.

**Prior Issue**

**Issue II: Sufficiency of the Evidence**

{3}    In his memorandum in opposition, Defendant continues to argue that there was insufficient evidence to sustain his convictions. [MIO 12-15] With regard to his sufficiency argument, Defendant raises no new arguments or facts that are not otherwise addressed by this Court's notice of proposed disposition, so we refer Defendant to our responses therein. [CN 2-8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore conclude that there was sufficient evidence to uphold Defendant's convictions.

**Motion to Amend the Docketing Statement**

{4}    As indicated earlier, Defendant filed as part of his memorandum in opposition a timely motion to amend his docketing statement. *See State v. Rael*, 1983-NMCA-081, ¶ 8, 100 N.M. 193, 668 P.2d 309 (stating that a motion to amend is timely when filed prior to the expiration of the time for filing a memorandum in opposition); *see also State v. Moore*, 1989-NMCA-073, ¶ 39, 109 N.M. 119, 782 P.2d 91 (same),

3

*superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. We grant motions to amend the docketing statement when such motions show good cause for the amendment. *See Rael*, 1983-NMCA-081, ¶ 8. To show good cause, the motion must be timely and show that the issues sought to be added were either properly preserved or allowed to be raised for the first time on appeal. *Moore*, 1989-NMCA-073, ¶ 42. By his timely motion, Defendant seeks to add four issues that are either allowed to be raised for the first time on appeal or are unpreserved but raised as fundamental error. [*See* MIO 1 (¶ 2)] The issues sought to be added must also be viable—i.e., colorable or arguable—and not devoid of any merit. *See id.* As explained more fully later in this Opinion, the issues Defendant seeks to add are not viable, and some of them were not preserved or allowed to be raised for the first time on appeal. Accordingly, we deny Defendant's motion to amend. *See id.* ¶ 45 (stating that "we should deny motions to amend that raise issues that are not viable"); *cf. State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

**Issue I: Double Jeopardy**

{5}     Defendant first seeks to add a double jeopardy issue, arguing that his convictions for aggravated battery and first degree CSP based upon great bodily harm

violate double jeopardy. [MIO 7-12] However, Defendant's argument rests upon the faulty premise that, although convictions for aggravated battery and CSP do not typically violate double jeopardy, because Victim did not testify that she suffered mental anguish, great bodily harm was necessarily the basis for the CSP conviction. [MIO 6, 7, 11] *See, e.g.*, *State v. Traeger*, 2000-NMCA-015, ¶¶ 14-19, 128 N.M. 668, 997 P.2d 142 (concluding that "[the d]efendant's right to freedom from double jeopardy was not violated by punishment for attempted murder, aggravated battery and CSP"), *rev'd on other grounds by* 2001-NMSC-022, 130 N.M. 618, 29 P.3d 518. Defendant cites to no authority for the proposition that, in order to prove the element of mental anguish, the victim must testify that she suffered mental anguish, so we assume no such authority exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists").

{6}     Moreover, this Court has previously relied on evidence of a victim's mental condition and testimony from a sexual assault coordinator to determine that sufficient evidence of mental anguish existed. *See State v. Barraza*, 1990-NMCA-026, ¶¶ 9-10, 110 N.M. 45, 791 P.2d 799; *cf. State v. Garcia*, 1980-NMCA-061, ¶ 11, 94 N.M. 583, 613 P.2d 725 (stating that mental anguish "requires no more than distress of mind"

and that, as such, expert testimony is not required to show mental anguish). As set forth in Defendant's docketing statement and our notice of proposed disposition, testimony was given at trial regarding Victim's upset, anxious, and distraught demeanor. [DS 7, 9, 11-12; CN 3; *see also* MIO 4 (ambulance driver testified that Victim was upset and crying), 6-7 (SANE nurse testified that Victim was anxious and distraught)] Additionally, Victim testified that she begged Defendant not to kill her and that she felt disgusted. [*See* DS 5, 7] As there was evidence of mental anguish presented at trial, including Victim's own testimony regarding her distress of mind, *see Garcia*, 1980-NMCA-061, ¶ 11 (stating that mental anguish "requires no more than distress of mind"), the premise of Defendant's double jeopardy argument—that the CSP must have been based on great bodily harm because there was no evidence of mental anguish—is untrue, and the issue is, thus, non-viable. *See Moore*, 1989-NMCA-073, ¶ 42 (stating that a viable issue must be colorable or arguable). Accordingly, we deny Defendant's motion to amend the docketing statement to add the double jeopardy issue. *See id.* ¶ 45.

**Issue III: Due Process**

{7}     Defendant next seeks to add a due process issue, arguing that the State violated his due process rights by failing to take pictures of him the day after the incidents. [MIO 15-17] Specifically, Defendant appears to be arguing that, because Victim

6

claimed that she slapped Defendant's hand away from her breast [MIO 5]; that she fought back and grabbed Defendant by the testicles when he got on top of her, ripped off her clothing, and told her nobody could hear her where they were [MIO 5]; and that Defendant continued to hit her [MIO 5], Defendant's hands and testicles would have shown injury [MIO 6, 15], and the police's failure to document such injuries amounted to a due process violation. [MIO 15-17] By his argument, Defendant attempts to characterize the fact that the *police* did not take pictures of Defendant's hands and testicles as akin to the State's obligation to preserve evidence obtained during the investigation of a crime. [MIO 15-17] However, Defendant fails to cite any authority in support of such a characterization, and we are not inclined to agree with Defendant's characterization or draw such an analogy based on the facts of this case. *See Casares*, 2014-NMCA-024, ¶ 18 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists.").

{8}     Moreover, Defendant did not preserve this argument, and "[g]enerally, due process claims will not be addressed when raised for the first time on appeal." *Atherton v. Gopin*, 2015-NMCA-087, ¶ 31, 355 P.3d 804 (alteration, internal quotation marks, and citation omitted). Although there are circumstances in which we may consider an unpreserved issue, *see, e.g.*, *id.*, Defendant has made no argument

7

that he is entitled to review of his due process issue, notwithstanding the lack of preservation, so we decline to consider it. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("[The appellate courts] will not review unclear arguments[] or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Accordingly, we conclude that Defendant's due process issue is non-viable, and we deny Defendant's motion to amend the docketing statement to add it. *See Moore*, 1989-NMCA-073, ¶¶ 42, 45.

**Issue IV: Speedy Trial**

**{9}** Defendant seeks to add a speedy trial issue, arguing that the seventeen-and-a-half-month delay in this case violated his right to a speedy trial. [MIO 17-21] Defendant did not raise a speedy trial argument below [MIO 18], so we review the issue for fundamental error. *See State v. Smith*, 2016-NMSC-007, ¶ 57, 367 P.3d 420.

> In determining whether a defendant's speedy trial right was violated, . . . [we weigh] the conduct of both the prosecution and the defendant under the guidance of four factors: (1) the length of the delay; (2) the reasons for the delay; (3) the timeliness and manner in which the defendant asserted his speedy trial right; and (4) the particular prejudice that the defendant actually suffered. Each of these factors is weighed either in favor of or against the [s]tate or the defendant, and then balanced to determine if a defendant's right to a speedy trial was violated.

*Id.* ¶ 58 (internal quotation marks and citations omitted).

**{10}** Defendant implies that the delay in this "very simple case" or "at most, . . . intermediate" complexity case is presumptively prejudicial. [MIO 18-19] Assuming, without deciding, that this first factor weighs in Defendant's favor, however slightly, we consider the other three factors that must, on balance, weigh in Defendant's favor in order to find a speedy trial violation. *See id.* ¶ 59.

**{11}** With regard to the second factor, Defendant contends that "[t]here is no record of why there was a delay in this case" and provides no other argument that the reasons should be attributed to the State or that this factor should weigh in Defendant's favor. [MIO 19] As Defendant has not asserted any argument that we should weigh this factor against the State, we decline to make such an argument on Defendant's behalf. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70.

**{12}** With regard to the third factor, Defendant states that his trial counsel did not file any demand for speedy trial, not even a pro forma demand, and as indicated earlier, no speedy trial argument was raised at all below. [MIO 19-20; *see also* MIO 18] Although Defendant alleges that he "repeatedly told his attorney he wanted a speedy [trial,]" this fact does not affect our consideration of the timeliness and manner in which Defendant *actually asserted* his speedy trial right.[1] *See Smith*, 2016-

---

[1] *But see State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (stating that "[h]abeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may

9

NMSC-007, ¶ 58. Thus, as Defendant made no demand for speedy trial at any point below, this factor weighs heavily against Defendant. *See id.*

{13} Finally, with regard to the fourth factor, Defendant indicates that he did not suffer any articulable prejudice and instead states that "[w]hen the State delays a trial long past a presumptively reasonable point, prejudice may be presumed even if the defendant is unable to articulate it." [MIO 20] However, our Supreme Court has "abolished the presumption that a defendant's right to a speedy trial has been violated based solely on the threshold determination that the length of delay is presumptively prejudicial." *Id.* ¶ 59 (alteration, internal quotation marks, and citation omitted). Rather, Defendant "must still show particularized prejudice cognizable under his constitutional right to a speedy trial and demonstrate that, on the whole, the *Barker* factors weigh in his favor." *Id.* As there is no actual prejudice asserted, the prejudice factor weighs heavily against Defendant. *See id.* ¶¶ 59-60.

{14} Overall, taking all four factors into consideration, we conclude that there was no speedy trial violation. *See id.* ¶ 58. Accordingly, Defendant's speedy trial issue is non-viable, and we deny Defendant's motion to amend the docketing statement to add it. *See Moore*, 1989-NMCA-073, ¶¶ 42, 45.

---

not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness" (internal quotation marks and citation omitted)).

**Issue V: Suppression**

{**15**}    Finally, Defendant seeks to add a suppression issue, arguing that he should have been mirandized and his statement should have been suppressed. [MIO 21-23] According to the memorandum in opposition, Defendant initially denied having sexual intercourse or contact with Victim, but the detective testified that Defendant later "confessed that he was worried about a leak under the truck and went under the truck with [Victim] and had sexual intercourse with her." [MIO 6] Defendant indicates that this statement was made at the police station and that he in fact stated that he had sexual intercourse with Victim's *mother*, and not Victim, and that the statements were misconstrued. [MIO 6, 22-23] Defendant contends that the detective's testimony at trial that Defendant confessed to having sex with Victim should have been suppressed. [MIO 23]

{**16**}    Defendant did not preserve this argument below or even file a motion to suppress. [MIO 21] When a defendant fails to preserve an argument regarding suppression, we need not consider it. *See State v. Ramos-Arenas*, 2012-NMCA-117, ¶ 22, 290 P.3d 733; *see also State v. Anaya*, 2012-NMCA-094, ¶¶ 35-36, 287 P.3d 956 (stating that "[b]ecause the . . . issue was not preserved below, we decline to address this matter any further"). Accordingly, we conclude that Defendant's suppression

11

issue is non-viable, and we deny Defendant's motion to amend the docketing statement to add it. *See Moore*, 1989-NMCA-073, ¶¶ 42, 45.

**Conclusion**

{17}   For the reasons stated in our notice of proposed disposition and in this Opinion, we affirm Defendant's convictions.

{18}   **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**LINDA M. VANZI, Judge**