[No. C002834. Third Dist. May 31, 1988.]

JOSEPH OSCAR SCHAEFFER, Plaintiff and Appellant, v. PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Defendant and Respondent.

**COUNSEL**

Mastagni, Holstedt, Chiurazzi & Curtis, Mark & Kruger and Richard J. Chiurazzi for Plaintiff and Appellant.

Richard H. Koppes and Kayla J. Gillan for Defendant and Respondent.

**OPINION**

**SPARKS, J.—**

Joseph Oscar Schaeffer appeals from a judgment of the Superior Court of Sacramento County denying his petition for a writ of administrative mandate. Appellant had sought an order requiring the respondent California Public Employees' Retirement System (hereafter PERS) to reclassify him from "miscellaneous" to "safety" membership in PERS. Appellant contends that his employment as a correctional officer for Placer County was of such a nature that he is entitled to safety member status, that Placer County has concluded that he is a safety member since it grants to correctional officers benefits under Labor Code section 4850, and that the administrative law judge abused his discretion in relying upon an unrelated sleeping incident in concluding otherwise. We shall affirm the judgment.

## BACKGROUND

Appellant worked for Placer County as a Correctional Officer II at the Placer County Jail from July 1979 until April 1983. He was hired as a

Correctional Officer II rather than at an entry level Correctional Officer I position due to prior experience as a deputy in the San Francisco County Sheriff's Department. Effective January 19, 1985, appellant was placed on retirement status. During the time from July 1979 to August 1983 appellant worked as a correctional officer and his status upon retirement is a "miscellaneous" member of the retirement system.

In September 1984, while his application for retirement benefits was pending, appellant submitted a request that his classification be changed to local safety member. The PERS executive officer denied this request and appellant requested an administrative hearing. Following the hearing the administrative law judge issued a proposed decision denying the request for reclassification. The PERS Board of Administration adopted the proposed decision.

Appellant petitioned for a writ of administrative mandate. After exercising its independent judgment the trial court determined that appellant is not entitled to be reclassified as a local safety member. Judgment was entered against appellant.

### DISCUSSION

Placer County has contracted with PERS to have its employees become members of the PERS retirement system. (Gov. Code, §§ 20010, 20013, subd. (c).) A county employee who is a member of the system may be either a local miscellaneous member or a local safety member. (Gov. Code, §§ 20018, 20019.) " 'Local safety member' includes all local policemen, firemen, safety officers, and county peace officers employed by a contracting agency who have by contract been included within this system." (Gov. Code, § 20019.) All other county employees are miscellaneous members. (Gov. Code, § 20018.)

Government Code, section 20021.5 defines a county peace officer. The relevant portion of that statute has at all relevant times provided: " 'County peace officer' means the sheriff and any officer or employee of a sheriff's office of a contracting agency, except one whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly come within the scope of active law enforcement service even when such an employee is subject to occasional call, or is occasionally called upon, to perform duties within the scope of active law enforcement service, but not excepting persons employed and qualifying as deputy sheriffs or equal or higher rank irrespective of the duties to which they are assigned. Any other provision of the Government

Code to the contrary notwithstanding, 'county peace officers' shall also include and mean any inspector, investigator, detective, or person with a comparable title, in any district attorney's office of a contracting agency whose principal duties are to investigate crime and criminal cases and who receives compensation for such service."

██ The key issue in this case is whether a Placer County correctional officer must be considered a "county peace officer" within the meaning of Government Code section 20021.5 so that he must be included in the category of "local safety member" under section 20019.[1] This is a question of statutory construction. (*Ames* v. *Board of Retirement* (1983) 147 Cal.App.3d 906, 916 [195 Cal.Rptr. 453]; *Boxx* v. *Board of Administration* (1980) 114 Cal.App.3d 79, 83 [170 Cal.Rptr. 538]; *Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 819 [111 Cal.Rptr. 841]; *Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567, 576-577 [108 Cal.Rptr. 293].) The issue in this case is resolved by express statutory provision. Government Code section 20021.9 provides: " 'County peace officer' shall also include employees of the sheriff employed in a county jail, detention or correctional facility and having as their primary duty and responsibility the supervision and custody of persons committed to such jail or facility, whether or not such employees are deputized. It shall not include persons employed as clerks, typists, teachers, instructors, psychologists or to provide food, maintenance, health or supporting services, even though responsibility for custody and control of persons so committed may be incident to, or imposed in connection with, such service or the employees are deputized. [¶] The provisions of this section shall not apply to the employees of any contracting agency nor to any such agency unless and until the contracting agency elects to be subject to the provisions of this section by amendment to its contract with the board, made as provided in Section 20461.5 or by express provision in its contract with the board."

In section 20021.5 the Legislature has excluded from the category of county peace officer, and hence local safety member, those employees "whose functions do not clearly come within the scope of active law enforcement service even when such an employee is subject to occasional call, or is occasionally called upon, to perform duties within the scope of active law enforcement service . . . ." In section 20021.9 the Legislature expressly made it optional with a county whether to classify as county peace

---

[1] As a county correctional officer, appellant was not a peace officer as that term is used in the Penal Code pursuant to express statutory declaration. (Pen. Code, §§ 831, 831.5.) While these provisions establish that the Legislature does not consider county correctional officers to be peace officers, they are not controlling with respect to a correctional officer's status for purposes of retirement. (Pen. Code, § 830.)

officers custodial employees "having as their primary duty and responsibility the supervision and custody of persons committed to such jail or facility . . . ." Placer County did not elect to treat its correctional officers as county peace officers. Accordingly, in order for appellant to establish his entitlement to safety member status he must establish that his duties clearly came within the scope of active law enforcement and this burden cannot be met by evidence showing that his primary duty and responsibility was the supervision and custody of persons committed to jail or a correctional facility.

Under this standard it is clear that appellant cannot prevail. His entire case was built on the theory that a person whose primary duty and responsibility is the supervision and custody of persons committed to jail or a correctional facility ought to qualify for local safety member status. The Legislature has decided otherwise. While it is clear that appellant disagrees with the Legislature's decision to make such status optional for custodial employees, and with his county's election not to give its custodial employees that status, in the absence of constitutional infirmity, and appellant suggests none, we are bound by the clear statutory language. Appellant is not entitled to local safety member status because his employer did not elect to treat him as such.

In this case each side is able to point to two cases which support the differing positions. In *Crumpler* v. *Board of Administration, supra,* 32 Cal.App.3d at pages 576 and 577, animal control officers employed by a city police department sought classification as local safety members. The Court of Appeal adopted a definition of "active law enforcement" from an opinion of the Attorney General (22 Ops.Cal.Atty.Gen. 227, 229 (1953)), and held that it applies to positions "the principal duties of which pertain to the active investigation and suppression of crime; the arrest and detention of criminals and the administrative control of such duties . . . ." Animal control officers were not involved in active law enforcement. The *Crumpler* definition was adopted and followed in *Boxx* v. *Board of Administration, supra,* 114 Cal.App.3d at page 86.

On the other hand, in *Neeley* v. *Board of Retirement, supra,* 36 Cal.App.3d at pages 821 and 822, identification technicians sought local safety member status. Although the Court of Appeal noted the *Crumpler* standard, in rejecting the claim to safety member status the court also focused upon the lack of exposure to hazards from prisoner conduct and the necessity of being able to physically cope with potential dangers. The exposure to hazard rationale was applied in a split decision in *Ames* v. *Board of Retirement, supra,* 147 Cal.App.3d at pages 916-917. There the court con-

cluded that Tulare County correctional officers were entitled to safety member status in the county retirement system as defined in Government Code section 31469.3, subdivision (b). Appellant, of course, places primary reliance upon the decision in *Ames.*

We find none of these cases to be directly controlling. In each of those cases the courts found the issue to be one of determining the intent of the Legislature. (*Ames, supra,* 147 Cal.App.3d at p. 916; *Boxx, supra,* 114 Cal.App.3d at p. 83; *Neeley, supra,* 36 Cal.App.3d at p. 819; *Crumpler, supra,* 32 Cal.App.3d at pp. 576-577.) None of those cases dealt with the same type of employment under the same statutory scheme with which we are concerned. None of those cases presented the courts with an express indication of the Legislature's intent such as we have in Government Code section 20021.9. We find the express terms of section 20021.9 controlling in this case and conclude that appellant's status as a safety member or miscellaneous member was optional with his employer.

Appellant contends Placer County itself has determined that correctional officers are engaged in active law enforcement by extending benefits under Labor Code section 4850. Labor Code section 4850 applies to employees of a sheriff's department except those whose duties do not clearly fall within the scope of active law enforcement. It provides that when an employee of the sheriff is injured or becomes ill in the line of duty that person is entitled to a leave of absence without loss of pay for the period of disability, up to one year, or until he is permanently retired. At the administrative hearing it was made to appear that Placer County does extend benefits under Labor Code section 4850 to correctional officers who become injured or ill in the line of duty. We fail to perceive how this fact binds Placer County or PERS. First, Labor Code section 4850 may be distinguished from Government Code sections 20021.5 and 20021.9 in that in the worker's compensation provision the Legislature did not expressly provide that treatment of correctional officers under section 4850 is optional with the employer, as it did under the retirement law. Second, the fact that a county extends some benefits to its correctional officers which equate with those extended to sheriff's deputies in no way binds it to extend all of the same benefits to those employees. The county voluntarily extends benefits under Labor 4850 to its correctional officers, but that does not compel it to elect to treat those employees as county peace officers under Government Code section 20021.9.

At the administrative hearing evidence was presented of a sleeping incident. It appeared that on one occasion when appellant was on duty another correctional officer arrived at the barracks to pick up trustees for the jail

and kitchen crews. Appellant was found asleep in his office with an alarm clock on the desk. The administrative law judge referred to this incident in the proposed decision in connection with appellant's claim that his duties were dangerous. Appellant objects that the sleeping incident is irrelevant. The trial court found that any error in referring to the sleeping incident was harmless. We agree. Appellant's evidence, even viewed in a light most favorable to him, simply established that he was a person whose primary duties and responsibilities were the supervision and custody of persons committed to jail or local correctional facilities. As such it was optional with the county whether to treat him as a local safety member under PERS. The county elected otherwise. As a matter of law appellant is not entitled to the status of local safety member.

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.