[No. G006279. Fourth Dist., Div. Three. June 30, 1988.]

BRIAN BENSON CHARLES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CITY OF
SANTA ANA, Respondents.

**COUNSEL**

Seth J. Kelsey for Petitioner.

Zonni, Ginocchio & Taylor and Leonard J. Silberman for Respondents.

**OPINION**

**SEYMOUR, J.\***—Petitioner Brian Charles sustained physical and emotional injuries while employed as a civilian paramedic for the City of Santa Ana. He maintains he was statutorily entitled to a leave of absence without loss of salary in lieu of the less generous temporary disability benefits he received. We agree.

The facts are not seriously disputed. Charles sustained an industrial injury to his heart and psyche and was awarded permanent disability of 14.2

---

\* Assigned by the Chairperson of the Judicial Council.

percent without apportionment to nonindustrial causes. However, the workers' compensation judge also determined Charles did not qualify for the special statutory treatment reserved for "firefighters" and awarded total temporary disability at the reduced rate of $224 per week (rather than full salary) for the period September 22, 1985, to June 26, 1986. The appeals board affirmed. We conclude Charles was a firefighter within the meaning of the statute and annul the board's order.

The governing statute provides enhanced benefits for firefighters as follows: "Whenever any . . . city, county, or district firefighter . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled . . . to leave of absence while so disabled without loss of salary in lieu of temporary disability payments, if any, which would be payable . . . . This section shall apply only to . . . city, county, or district firefighters . . . and excludes the employees of the city fire department, county fire department, and of any fire district whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly fall within the scope of active firefighting and prevention service. . . ." (Lab. Code, § 4850.) The workers' compensation judge and the appeals board denied Charles's request for full salary after concluding his duties consist "primarily [of] rendering medical care" and do not involve "active firefighting." Charles urges the statute should be liberally construed to cover him because he operates from the fire station, wears a fireman's "turnout" gear, has some of the same training as firefighters and has job duties (e.g., first aid and lifesaving) which overlap (in part) a firefighter's duties.

The Legislature chose to make the statute's benefits available to "firefighters" rather than "firemen." Although all fire department employees are arguably firefighters, the Legislature has declared that certain of them (remote support personnel such as telephone operators and clerks) are not. It is therefore clear that some fire department employees other than those who actually fight the fires are "firefighters" eligible for the enhanced benefits. (See generally *San Francisco* v. *Pacific Tel. & Tel. Co.* (1913) 166 Cal. 244, 251 [135 P. 971]; *Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 977 [138 Cal.Rptr. 220]; *People* v. *Richards* (1927) 86 Cal.App. 86, 89-90 [260 P. 582].) ▪ Although we need not delineate the precise limits of Labor Code section 4850 entitlement in this opinion, we conclude those who perform some of the duties of firemen and who assume some of the physical and emotional risks firemen encounter come within the Legislature's "firefighter" rubric and are entitled to the benefits of the statute.

The California Attorney General has discussed one of the reasons the Legislature enacted Labor Code section 4850: "The reason for such exceptional treatment for policemen and firemen is obvious: not only are their occupations particularly hazardous, but they undertake these hazards on behalf of the public. The Legislature undoubtedly sought to ensure that policemen and firemen would not be deterred from zealous performance of their mission of protecting the public by fear of loss of livelihood." (51 Ops.Cal.Atty.Gen. 32, 34 (1968).) ■ His opinion is entitled to great weight. (*Noroian* v. *Department of Administration* (1970) 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889].) The Legislature has also provided that the provisions of Division 4 of the Labor Code (which includes Lab. Code § 4850) "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (Lab. Code, § 3202.) ■ This complements the general rule in compensation cases that "[w]here provisions of [workmen's compensation] laws are susceptible of an interpretation either beneficial or detrimental to injured employees or an ambiguity appears, they must be construed favorably to the employees." (*Burns* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 539, 543 [82 Cal.Rptr. 678].)

■ There can be no dispute the emergency medical services Charles routinely provides are also occasionally performed by Santa Ana firemen acting "within the scope of active firefighting and prevention services." Respondent city's own job announcements declare a fireman "provides emergency medical care at the scene of drownings, heart attacks and similar emergencies." Those announcements also indicate firemen and paramedics are both expected to participate in public education programs for schools and industry, and both must perform "routine housekeeping chores such as sweeping, mopping, cooking and washing." Further, Charles lives, trains and drills with other members of the fire department, and has the same workweek and hours a fireman has. Finally, he "rolls" to the scene of every fire in a fireman's turnout gear and thereby also assumes some of the physical and emotional risks firemen encounter. In short, the "scope of active firefighting and prevention services," liberally construed, involves far more (even in ordinary parlance) than the mere suppression of fires. Because the scope of those services is at least coextensive with a fireman's actual or indicated duties, and because Charles performs some of those duties on a daily basis, often at great risk to his physical and emotional well being, he is entitled to the benefits of Labor Code section 4850. (See *Kimball* v. *County of Santa Clara* (1972) 24 Cal.App.3d 780, 785 [101 Cal.Rptr. 353].)

The order is annulled and the cause is remanded for further proceedings. Charles shall recover his costs.

Crosby, Acting P. J., and Wallin, J., concurred.

The petition of respondent City for review by the Supreme Court was denied September 14, 1988.