[No. A040367. First Dist., Div. Five. Apr. 26, 1989.]

TUOLUMNE COUNTY DEPUTY SHERIFFS' ASSOCIATION et al., Plaintiffs and Respondents, v.
BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM et al., Defendants and Appellants.

## COUNSEL

John K. Van de Kamp, Attorney General, Richard D. Martland, Chief Assistant Attorney General, N. Eugene Hill, Assistant Attorney General, Mary C. Michel, Leslie Anne Lederman and Michael D. Mason, Deputy Attorneys General, for Defendants and Appellants.

Christopher D. Burdick, Gary M. Messing and Carroll, Burdick & McDonough for Plaintiffs and Respondents.

## OPINION

**LOW, P. J.**—Deputized employees of the Tuolumne County Sheriff, restricted in their employment to supervising inmates and maintaining securi-

ty at the county's jail, were granted a writ of mandate compelling the Public Employees' Retirement System (PERS) to change their membership status from "miscellaneous" to "safety," thereby making them eligible for increased benefits. We conclude the trial court erred in ruling that these employees met the statutory prerequisites for "safety" membership. Accordingly, we reverse.

The County of Tuolumne has contracted with PERS for retirement benefits for all county employees. (Gov. Code, § 20000 et seq.;[1] see § 20450.) By choosing to contract with PERS, the county agreed to abide by the statutory scheme governing these benefits. (§ 20490; *Davis* v. *Board of Administration* (1985) 164 Cal.App.3d 1026, 1032 [211 Cal.Rptr. 49].) The statutory scheme provides for classification of covered employees as either "miscellaneous" or "safety" members, depending on the nature of the typical tasks and duties of their positions. (§§ 20018, 20019.) Those employees classified as safety members are generally entitled to retirement benefits more generous than those of miscellaneous members. (Cf., e.g., § 21021 with § 21022.)

Respondent Tuolumne County Deputy Sheriffs' Association is an employee organization representing deputized personnel who are solely responsible for the detention and control of inmates housed in the county correctional facility at Sonora (hereafter employees). The 15 custodial employees are classified as "Deputy Sheriffs I," a separate category of sheriff's personnel whose sole assignment is to supervise inmates in the county jail. Employees believed they had been misclassified as miscellaneous members of PERS, and by letter in 1984 they demanded the system reclassify them to safety membership. After an administrative hearing, appellant Board of Administration of PERS denied employees' request to reclassify them from miscellaneous to safety membership for purposes of retirement benefits. Employees thereupon petitioned the superior court for a writ of administrative mandamus. (Code Civ. Proc., § 1094.5.) The court granted the writ and ordered PERS to reclassify employees to safety membership in the retirement system.

■ Because there was no substantial conflict in the evidence regarding employees' duties, the proper interpretation of the statutory requirements for safety status is a question of law for this court. (*Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567, 576-577 [108 Cal.Rptr. 293].) Section 20019, which defines local safety members generally, names three subgroups as falling within its category: "all local policemen, firemen, and

---

[1] Unless otherwise indicated, all further statutory references are to the Government Code.

county peace officers." The term "county peace officers" is defined in section 20021.5. The relevant portion of that statute provides: " 'County peace officer' means the sheriff and any officer or employee of a sheriff's office of a contracting agency, except one whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly come within the scope of active law enforcement service even though the employee is subject to occasional call, or is occasionally called upon, to perform duties within the scope of active law enforcement service, but not excepting persons employed and qualifying as deputy sheriffs or equal or higher rank irrespective of the duties to which they are assigned. . . ."

■ The trial court found that employees' duties, which principally consist of supervising and maintaining the security of the jail, came "within the scope of active law enforcement," entitling employees to "safety" status under section 20021.5. As an independent basis for its decision, the trial court held employees were "employed and qualif[ied]" as deputy sheriffs and therefore mandatorily entitled to safety membership under the just-cited statute, irrespective of the duties to which they were assigned.

Section 20021.9 is one of several statutes which makes safety member status for certain classifications of employees optional with the contracting local agency. (See also §§ 20021.6, 20021.8, 20021.10.) Section 20021.9 provides: " 'County peace officer' shall also include employees of the sheriff employed in a county jail, detention or correctional facility and having as their primary duty and responsibility the supervision and custody of persons committed to such jail or facility, whether or not such employees are deputized. It shall not include persons employed as clerks, typists, teachers, instructors, psychologists or to provide food, maintenance, health or supporting services, even though responsibility for custody and control of persons so committed may be incident to, or imposed in connection with, such service or the employees are deputized. [¶] The provisions of this section shall not apply to the employees of any contracting agency nor to any such agency unless and until the contracting agency elects to be subject to the provisions of this section by amendment to its contract with the board, made as provided in Section 20461.5 or by express provision in its contract with the board." Tuolumne County has never elected, through collective bargaining or otherwise, to provide safety member status to employees herein under the provisions of section 20021.9.

■ Statutes relating to the same subject matter must be read together and reconciled whenever possible. (*Estate of Gibson* (1983) 139 Cal.App.3d 733, 736 [189 Cal.Rptr. 201].) However, "[a] specific statute expressly deal-

ing with a particular subject controls and takes precedence over a more general statute covering the same subject." (*Merandette* v. *City and County of San Francisco* (1979) 88 Cal.App.3d 105, 113 [151 Cal.Rptr. 580].)

Section 20021.9 specifically deals with PERS members who are employed in correctional facilities. Even if employees met the requirements for safety status under the broad general provisions of section 20021.5, we must determine if there is compliance with section 20021.9. Section 20021.9 expresses the Legislature's intention to grant the county the option of excluding from the category of county peace officers, and hence local safety members, those employees "having as their primary duty and responsibility the supervision and custody of persons committed to such jail or facility . . . ." (§ 20021.9.)

In *Schaeffer* v. *California Pub. Employees' Retirement System* (1988) 202 Cal.App.3d 609 [248 Cal.Rptr. 647], the court reviewed the request of a correctional officer, whose primary job responsibility was to supervise persons committed to the Placer County jail, for reclassification from miscellaneous to safety membership in PERS for retirement purposes. The court considered the question "resolved by express statutory provision," citing section 20021.9. (*Id.,* at p. 612.) Like Tuolumne County, Placer County had not exercised the option under section 20021.9 to confer safety status on employees "having as their primary duty and responsibility the supervision and custody of persons committed to such jail or facility . . . ." (§ 20021.9.) Like the employees here, the Placer County correctional officer avoided the language of section 20021.9, and attempted to qualify for safety status under the more general language of section 20021.5, by showing his duties came within the scope of active law enforcement. The *Schaeffer* court reviewed cases describing occupational hazards falling within the scope of active law enforcement. But those cases provided no support to the correctional officer's position because none of the cases dealt with section 20021.9, making safety member status optional with the employer. (*Id.,* at p. 614.) Furthermore, the fact that the county extended workers' compensation benefits to its correctional officers under Labor Code section 4850, a section designed for those engaged in active law enforcement, did not mandate safety classification under PERS. The court reasoned: "Labor Code section 4850 may be distinguished from Government Code sections 20021.5 and 20021.9 in that in the worker's [*sic* ] compensation provision the Legislature did not expressly provide that treatment of correctional officers under section 4850 is optional with the employer, as it did under the retirement law. . . . The county voluntari ly extends benefits under Labor [Code section] 4850 to its correctional officers, but that does not compel it to elect to treat those employees as county peace officers under Government Code section 20021.9." (*Ibid.*)

The *Schaeffer* court stated: "[Appellant's] entire case was built on the theory that a person whose primary duty and responsibility is the supervision and custody of persons committed to jail or a correctional facility ought to qualify for local safety member status. The Legislature has decided otherwise. While it is clear that appellant disagrees with the Legislature's decision to make such status optional for custodial employees, and with his county's election not to give its custodial employees that status, in the absence of constitutional infirmity, and appellant suggests none, we are bound by the clear statutory language. Appellant is not entitled to local safety member status because his employer did not elect to treat him as such." (202 Cal.App.3d at p. 613.)

Employees point out two factual distinctions which they believe distinguish *Schaeffer*. First, employees point to their job classification as "deputy sheriffs," and they emphasize the general provisions of section 20021.5 automatically confer safety status on "persons employed and qualifying as deputy sheriffs or equal or higher rank irrespective of the duties to which they are assigned." Employees argue that section 20021.9 was intended to apply only to those individuals, like the correctional officer in *Schaeffer*, who are in charge of jail security but who are *not* deputized.[2] That conclusion would ignore the specific language of section 20021.9. Its provisions apply to "employees of the sheriff employed in a county jail, detention or correctional facility and having as their primary duty and responsibility the supervision and custody of persons committed to such jail or facility, *whether or not such employees are deputized*." (Italics added.) Second, employees point to the record herein and unrelated case law as establishing that they were engaged in "active law enforcement service," under the general provisions of section 20021.5, because the record demonstrated employees were "completely, totally, and wholly responsible for the entire panoply of detention and correctional functions" at the county's jail. Employees argue the record in *Schaeffer* was "unclear" on the scope of the correctional officer's duties. An examination of the nature of employees' responsibilities is unnecessary in light of the conclusion that employees have "as their primary duty and responsibility the supervision and custody of persons committed to

[2] In making this argument, employees rely on an unpublished decision of Division One of this district, *Campbell* v. *Board of Administration of the Public Employees' Retirement System et al.* (Aug. 3, 1976) A037302. Employees argue that they should be allowed to cite and rely on this case under rule 977 of the California Rules of Court because the *Campbell* decision has a res judicata effect on the issues presented in this case. The issues in the present action and in *Campbell* are not identical in that *Campbell* does not deal with the same type of employment under the same statutory scheme with which we are concerned. *Campbell* granted safety member status to a deputy sheriff serving as a court bailiff under section 20021.5. Since the *Campbell* opinion does not fall into one of the exceptions noted in rule 977, it cannot be relied upon by employees.

such jail or facility . . . ." (§ 20021.9.) This conclusion brings employees within the express terms of section 20021.9, and the terms of that statute are controlling.

At oral argument, employees propounded a situation whereby deputy sheriffs II, classified as safety employees because they investigate criminal activity in the community at large, would occasionally be called upon to serve as deputy sheriffs I to assist with supervising inmates at the county jail. Employees used this example to illustrate how the duties of these classifications overlap and how confusing it would be for PERS to "unscramble the egg" and determine which portion of an employee's service should be credited to safety and which portion should be credited to miscellaneous. This discussion, while raising interesting abstract propositions, ignores the record developed in this case. In Tuolumne County, the sheriff's department is divided into two separate divisions—the operations division to which deputy sheriffs II belong and the administration and services division to which deputy sheriffs I belong. Each division represents a separate career track, and deputy sheriffs II are *not* called upon to perform services in the jail. Employees make many policy arguments for including individuals who are responsible for detaining inmates as safety employees, but these arguments are directed to the wrong entity. Employees need to convince the *county,* not the courts, to exercise the discretionary power vested by section 20021.9 and grant them safety status under PERS. Until the county does so, employees are not entitled to safety status.

In light of our determination that employees did not meet the statutory prerequisites for safety status, we need not address PERS's argument that employees waived their right to reclassification in employees' 1982-1983 memorandum of understanding with the county.

The judgment is reversed and the trial court is directed to enter a new judgment consistent with the views expressed herein.

King, J., and Haning, J., concurred.

Respondents' petition for a review by the Supreme Court was denied July 12, 1989.