[No. G009842. Fourth Dist., Div. Three. July 22, 1991.]

BRIAN B. CHARLES, Plaintiff and Appellant, v.
BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES'
RETIREMENT SYSTEM et al., Defendants and Respondents.

## COUNSEL

Seth J. Kelsey for Plaintiff and Appellant.

Edward J. Cooper, City Attorney, Richard E. Lay, Assistant City Attorney, Doris M. Felman, Deputy City Attorney, Richard H. Koppes and Richard B. Maness for Defendants and Respondents.

## OPINION

**SONENSHINE, Acting P. J.**—Brian B. Charles appeals a judgment denying his petition for a writ of mandate to set aside an administrative decision. Charles was later denied his requested reclassification from a miscellaneous member to a local safety member under the Public Employees' Retirement System (PERS).

I

In 1986, Charles, a civilian paramedic with the Santa Ana Fire Department, applied for disability retirement. PERS notified him that because he had been employed as a paramedic for less than five years, he was ineligible for disability benefits. After Charles's request for redetermination was denied, he appealed, but the administrative law judge affirmed the decision.

Charles unsuccessfully petitioned the superior court to set aside the administrative decision. This appeal followed.

II

PERS members are classified either as miscellaneous members or as local safety members (Gov. Code, §§ 20018, 20019).[1] At the time Charles was hired, PERS classified civilian paramedics as miscellaneous members, entitling them to disability retirement only after five years of service. Firefighters, as defined by section 20021,[2] were classified as local safety members and were entitled to disability retirement at any time.

---

[1]All further statutory references are to the Government Code unless otherwise specified.

Section 20018 provides: " 'Local miscellaneous member' includes all employees of a contracting agency who have by contract been included within this system, except local safety members."

Section 20019 provides: " 'Local safety member' includes all local police [officers], fire[fighters], safety officers, county peace officers, and school safety members, employed by a contracting agency who have by contract been included within this system."

[2]Section 20021 provides: " 'Local firefighter' means any officer or employee of a fire department of a contracting agency, except one whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise and whose functions do not clearly fall within the scope of active firefighting, . . . or active firefighting and emergency medical services, even though that employee is subject to occasional call, or is occasionally called upon, to perform duties within the scope of active firefighting, . . . but not excepting persons employed and qualifying as firefighters of equal or higher rank, irrespective of the duties to which they are assigned."

In 1985, section 20019.35[3] was enacted, permitting paramedics to be classified as local safety members, thus allowing them the same pension benefits as firefighters. However, local agencies are not required to subject themselves to the section; its adoption is at their option. The City of Santa Ana chose not to so amend its contract; therefore, Charles remained classified as a miscellaneous member.

### III

Charles concedes section 20019.35 is inapplicable to him. He also acknowledges that because he had been employed for less than five years, he is not entitled to section 20018 disability benefits. However, Charles contends the trial court erred in finding his duties did not fall within the scope of active firefighting (§ 20021). In other words, he maintains he may have been titled a paramedic, but his duties were those of a firefighter.

Charles states his duties, on more than an occasional basis, fell within the scope of active firefighting. He explains that, like a firefighter, he wore protective turn out gear, rolled to fire scenes with firefighters, and worked on a comparable schedule. He also argues he was actively involved in the "rescue" aspect of firefighting.

The administrative law judge correctly found Charles's duties did not expose him to the same risks as a firefighter. The evidence indicated firefighters and paramedics worked side by side only in areas safe from fire, hazardous materials, and fumes. Although Charles provided emergency medical services, he was never required to fight fires or rescue persons by entering burning buildings.

Moreover, as a matter of law, Charles, regardless of his duties, is precluded from safety member classification. *Schaeffer v. Public Employees' Retirement System* (1988) 202 Cal.App.3d 609 [248 Cal.Rptr. 647] is instructive. In *Schaeffer*, a county jail correctional officer sought PERS reclassification from a miscellaneous member to a safety member. Section 20021.9

---

[3]Section 20019.35 provides: " 'Local safety member' also includes all employees of a public safety agency whose principal duties consist of rendering prehospital emergency medical care to ill or injured persons and who are employees designated as Emergency Medical Technician-I, Emergency Medical Technician-II, or Emergency Medical Technician-Paramedic, as defined by, respectively, Sections 1797.80, 1797.82, and 1797.84 of the Health and Safety Code. [¶] This section shall not apply to the employees of any contracting agency nor to any contracting agency unless and until the contracting agency elects to be subject to this section by amendment to its contract with the board made pursuant to Section 20461.5 or by express provision in its contract with the board."

allowed correctional officers safety member status but only when the county opted to do so. There, the county chose not to. Nevertheless, Schaeffer argued his duties qualified him to be considered a peace officer (§ 20021.5). The court held "the express terms of section 20021.9 [are] controlling in this case and [we] conclude that appellant's status as a safety member or miscellaneous member was optional with his employer." (*Id.* at p. 614.) Because the county elected to classify correctional officers as miscellaneous members, "[a]s a matter of law appellant is not entitled to the status of [a] safety member." (*Id.* at p. 615.) Here, the city failed to adopt section 20019.35; therefore, Charles, like Schaeffer, is precluded, as a matter of law, from safety member classification.[4]

Charles relies on *Charles* v. *Workers' Comp. Appeals Bd.* (1988) 202 Cal.App.3d 781 [248 Cal.Rptr. 805], where we classified a paramedic as a firefighter for workers' compensation purposes.[5] ▇ However, workers' compensation classification is not binding on PERS. (*Schaeffer* v. *Public Employees' Retirement System, supra,* 202 Cal.App.3d 609, 614.)

▇ We recognize the general rule is to liberally construe pension legislation, resolving ambiguities in favor of the employee. But the purpose of this rule is to effectuate the legislative intent which, in this case, is express. Moreover, the rule "should not blindly be followed so as to eradicate the clear language and purpose of the statute and allow eligibility for those for whom it was obviously not intended." (*Neeley* v. *Board of Retirement* (1974) 36 Cal.App.3d 815, 822 [111 Cal.Rptr. 841].) ▇ The amended versions of sections 19886 (workers' compensation) and 20021 support our conclusion the Legislature intended workers' compensation and pension coverage to be construed differently. In 1984, section 19886 was amended to include employees who are "engaged in fire suppression or rescue operations or the protection or preservation of life . . . ." However, when the Legislature amended section 20021 in 1989, only employees engaged in both "active firefighting and emergency medical services" were included.

Charles's inclusion in the safety member class was dependent on the city's acceptance of the terms of section 20019.35. Because the city elected not to subject itself to that section, Charles is not entitled, as a matter of law, to the status of local safety member.

---

[4]An analysis of the section's legislative history emphasizes the Legislature's intent to allow employers to determine paramedics' status. The Legislative Counsel's Digest of Assembly Bill No. 3026 states in pertinent part: "[T]his bill would authorize any public safety agency to include within the local safety category, employees whose principal duties consist of rendering prehospital emergency medical care . . . ."

[5]In *Charles* v. *Worker's Comp. Appeals Bd., supra,* 202 Cal.App.3d 781, our same appellant successfully challenged the denial of his workers' compensation benefits.

Judgment affirmed. Respondents to receive costs on appeal.

Crosby, J., and Wallin, J., concurred.