[No. A063289. First Dist., Div. Five. July 5, 1994.]

UNITED PUBLIC EMPLOYEES, LOCAL 790, SEIU, AFL-CIO et al.,
Plaintiffs and Appellants, v.
CITY OF OAKLAND et al., Defendants and Respondents.

**Counsel**

Van Bourg, Weinberg, Roger & Rosenfeld and Vincent A. Harrington, Jr., for Plaintiffs and Appellants.

Jayne W. Williams, City Attorney, Randolph W. Hall, Assistant City Attorney, and Marilyn Kaplan, Deputy City Attorney, for Defendants and Respondents.

**Opinion**

**PETERSON, P. J.**—Appellants, Claude Percy, Major Bell, James Lewis, and Greg Carter, are jailers at the Oakland city jail. They and their union contend the jailers are entitled to the special disability benefits, provided by Labor Code[1] section 4850, for city police officers and other city employees whose duties "clearly fall within the scope of active law enforcement service." We agree with the trial court that jailers who work as custodians of prisoners do not have duties which "clearly fall" in the category of "active law enforcement service" for purposes of these benefits.

---

[1]Unless otherwise indicated, all subsequent statutory references are to the Labor Code.

## I. FACTS AND PROCEDURAL HISTORY

This case presents solely a question of statutory interpretation, and the relevant facts are not in dispute. Appellants conceded at oral argument that they stood on their pleadings for purposes of this appeal.

Appellant jailers are members of a union and bargaining unit composed of persons who work in the job category of "jailer" for the City of Oakland (City). They are employed at the city jail, and their job duties are representative of those of other jailers. These duties include booking prisoners into the facility, choosing prisoners for lineups, maintaining order in the jail, and occasionally arresting inmates for crimes committed within the facility.

Appellants were injured on the job, in the course and scope of their duties at the jail. They filed this action seeking a declaratory judgment that they are entitled to the special disability benefits which are mandated for "city policemen," and for other city personnel whose job duties "clearly fall within the scope of active law enforcement service" under the provisions of section 4850.

The City filed a demurrer, contending that as a matter of law appellant jailers did not meet the legal standards specified by section 4850. After briefing and oral argument, the trial court granted the demurrer. Appellants brought this timely appeal from the resulting judgment.

## II. DISCUSSION

■ We conclude we must affirm the trial court's legal ruling. Appellants' jobs as jailers at the city jail do not "clearly fall within the scope of active law enforcement service" for purposes of section 4850.

We begin with the plain language of the statute. Section 4850 provides, in pertinent part: "Whenever any city policeman, city, county, or district firefighter, sheriff or any officer or employee of a sheriff's office, any inspector, investigator, detective, or personnel with comparable title in any district attorney's office, or lifeguard employed year round . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled . . . to leave of absence while so disabled without loss of salary . . . for the period of the disability, but not exceeding one year, or until such earlier date as he or she

is retired on permanent disability pension . . . . This section *shall apply only to city policemen,* [or other previously enumerated positions] *and excludes employees of a police department whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly fall within the scope of active law enforcement service . . . .*" (Italics added.)

Appellants are employed as jailers and are uniformed employees of the city's police department. Appellants contend they are entitled to the fully paid leave of absence provided by section 4850, and that the exclusionary language to which we have added emphasis does not disqualify them. However, under the facts alleged by appellants, which we take as true for purposes of analyzing the trial court's ruling on the demurrer, appellant jailers are not entitled to section 4850 benefits. They are excluded because their "principal duties" and their job functions "do not clearly fall within the scope of active law enforcement service." (§ 4850.) The statute was designed and has been interpreted so as to grant these special benefits only to police officers and law enforcement personnel who actively pursue investigations and make arrests in the field; these benefits are generally not available to personnel employed in less hazardous and more routine duties at a centralized location, who do not pursue active service in the field, such as clerks, typists, machinists, mechanics. (*Ibid.*)

Section 4850 was first enacted in 1939. (Stats. 1939, ch. 926, § 1, pp. 2603-2604.) Its provisions are parallel to identically worded language in section 4800, which had been enacted two years previously, and was designed to accomplish the similar result of granting a paid leave of absence to injured state employees who were in the " 'state safety' class" and "active law enforcement." (Stats. 1937, ch. 90, § 4800, pp. 285-286.) The wording of these two sections of the Labor Code is also parallel to the provisions of Government Code section 20020 et seq., which provide certain benefits to specified city employees in "active law enforcement service." In light of their common purpose and similar wording, all these statues must be construed together; cases decided under one such statute are relevant to interpretation of the other statutes. (See *Tuolumne County Deputy Sheriffs' Assn. v. Board of Administration* (1989) 209 Cal.App.3d 1236, 1239-1240 [257 Cal.Rptr. 824] (*Tuolumne County*); cf. also *Schaeffer* v. *Public Employees' Retirement System* (1988) 202 Cal.App.3d 609, 613-614 [248 Cal.Rptr. 647] (*Schaeffer*).)

In the more recent case of *City of Huntington Beach* v. *Board of Administration* (1992) 4 Cal.4th 462 [14 Cal.Rptr.2d 514, 841 P.2d 1034]

(*Huntington Beach*), our Supreme Court rejected the claim that jailers at a city jail were engaged in "active law enforcement" duties for the purpose of the parallel provisions of Government Code section 20020 et seq.: "Taking sections 20020 and 20020.9 together, it is apparent that the Legislature did not consider the supervision and custody of jail inmates to constitute active law enforcement for purposes of section 20020 . . . ." (*Huntington Beach*, *supra*, 4 Cal.4th at p. 468.)

Appellants seek to distinguish the Supreme Court's decision in *Huntington Beach* by suggesting it is limited to the question of whether jailers are engaged in "active law enforcement service" for the purposes of these parallel sections of the Government Code; they imply a contrary result could be reached as to sections 4800 and 4850. However, the simple fact is the statutory definition is the same, whether contained in the Government Code or the Labor Code.

Moreover, it would be anomalous to hold that jailers are not engaged in "active law enforcement service" for the purpose of gaining superior retirement benefits under the Government Code, yet were so engaged for the purpose of the parallel leave of absence provisions in the Labor Code— especially since the leave of absence provisions are designed in part to bridge employees to retirement in the Public Employees' Retirement System (PERS). (See § 4850.) Section 4850 was not designed by the Legislature as a bridge to nowhere. All the statutes on this same subject of employee benefits in the public sector, using the same statutory definition, must be read together. As we said (per Presiding Justice Low) in *Tuolumne County*, *supra*, in rejecting a similar claim by jailers: "Statutes relating to the same subject matter must be read together and reconciled whenever possible. [Citation.]" (209 Cal.App.3d at p. 1239.)

Although we sympathize with the sometime difficult job conditions facing jailers in our local jails, appellants' argument that jailers should be covered by these benefits is better addressed to the Legislature, not this court. Our Supreme Court in *Huntington Beach*, this court in *Tuolumne County*, and the Third District in *Schaeffer*, *supra*, have all rejected the argument that jailers are engaged in "active law enforcement service."

Appellants rely on the decision of a majority of the panel of the Fifth District in *Ames* v. *Board of Retirement* (1983) 147 Cal.App.3d 906, 912-915 [195 Cal.Rptr. 453], which held (over a vigorous dissent by Justice Andreen) that a county correctional officer was engaged in "active law enforcement"

for the purposes of Government Code section 31469.3 et seq. The opinion of the *Ames* majority might indeed aid appellants, if not for the intervening decision by our Supreme Court in *Huntington Beach,* which distinguished *Ames* into insignificance for appellants' purposes: "Contrary to the Board's assertion, *Ames* is not dispositive here. Significantly, the county retirement system and the PERS system differ quite markedly . . . . [T]he county system expressly provides that persons hired by the county as jailers (and turnkeys) are engaged in active law enforcement . . . . [Citations.] . . . [¶] In contrast to the county system, the custodial functions of correctional and detention officers historically were not considered active law enforcement under PERS at either the state or local level." (*Huntington Beach, supra,* 4 Cal.4th at p. 469.) The Supreme Court also cited and approved our decision in *Tuolumne County* and the Third District's *Schaeffer* decision. (*Huntington Beach, supra,* 4 Cal.4th at p. 470, fn. 6.) In light of these actions by our Supreme Court, the majority opinion in *Ames* does not aid appellants.

For the same reasons, the previous decision of Division One of this district (per Presiding Justice Molinari) in *Kimball* v. *County of Santa Clara* (1972) 24 Cal.App.3d 780, 786-787 [101 Cal.Rptr. 353] does not aid appellants. *Kimball* dealt with a *county* correctional employee covered by the *county* retirement system, not by PERS as appellants are and as the city jailers in issue in *Huntington Beach* were. Moreover, in *Tuolumne County,* we followed the analysis of the Third District in *Schaeffer* rather than the rule provided by Division One in *Kimball.* (See *Tuolumne County, supra,* 209 Cal.App.3d at pp. 1240-1241 & fn. 2.)

Finally, appellants contend the trial court erred in ruling on this legal issue by way of demurrer. We find no procedural error. Appellants' own complaint stated that they were jailers employed as custodians of prisoners in the county jail, and attached a copy of the job description for members of their bargaining unit. There were no relevant facts in dispute as to the nature of appellants' duties; the only dispute concerned a purely legal issue, which the trial court could properly resolve by way of demurrer. (See *Huntington Beach, supra,* 4 Cal.4th at p. 472.) "In light of the foregoing, it is clear that the jailers cannot prevail. Their entire case boils down to the theory that employees whose primary duty and responsibility is the supervision and custody of persons committed to jail *ought* to qualify" for these benefits. (*Ibid.,* italics added.) The City has provided its jailers with another very generous benefit scheme for on-the-job injuries; it need not also provide benefits under section 4850. (See *ibid.*)

## III. Disposition

The judgment of dismissal is affirmed.

King, J., and Haning, J., concurred.

Apellants' petition for review by the Supreme Court was denied September 29, 1994.