[No. C029160. Third Dist. Jan. 21, 1999.]

JOEZITA BIGGERS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and COUNTY OF
SUTTER, Respondents.

**COUNSEL**

Frederick J. Gibbons for Petitioner.

Hanna, Brophy, MacLean, McAleer & Jensen and Joseph Montgomery for Respondent County of Sutter.

**OPINION**

**MORRISON, J.**—Joezita Biggers petitions for a writ of review, seeking to overturn a decision of the Workers' Compensation Appeals Board (the Board) that found she was not eligible for benefits under Labor Code section 4850. Labor Code section 4850 provides for a leave of absence at full salary for certain employees of a sheriff's office who become disabled in the course of employment. Biggers contends that as a courtroom bailiff, her functions clearly came within the scope of active law enforcement, entitling her to those benefits. We agree and annul the order.

### FACTUAL AND PROCEDURAL BACKGROUND

In December 1994, Biggers was employed by Sutter County (the County) as a correctional officer and sustained injuries to her cervical spine. When the County would pay only temporary disability rather than granting her a leave of absence at full pay, she applied to the Board for an adjudication of her claim.

At the hearing, Biggers testified she worked as a deputy sheriff; her assignment was courtroom bailiff. She was a sworn peace officer and carried a gun and a badge.

Joann Dobelbower was a personnel analyst for the County. She administered job classifications. She testified Biggers's job classification was that of a correctional officer, a separate classification from that of deputy sheriff. The correctional officer classification has three categories: bailiff, civil, and

jail. Biggers was in the bailiff category. A copy of the correctional officer job description, describing the three categories, was introduced.[1]

Steve Sizelove, the lieutenant in charge of the jail division, testified the correctional division covers the jail, bailiffs, and other assigned duties. Deputy sheriffs are sworn under a different section of the Penal Code than correctional officers. There is different training for the two positions; deputy sheriffs must have "POST" training. Bailiffs do not perform criminal investigations or make criminal reports. They do not make arrests other than in the courtroom and those related to courtroom action. If a crime occurs in the courtroom, it would probably be investigated by the local police department. Bailiffs are assigned out of the jail. Biggers was currently assigned to the jail. All personnel in the jail division are correctional officers, except the jail commander. When the courtroom is dark, bailiffs are assigned to work in the jail.

The workers' compensation judge (WCJ) found Biggers was not an employee entitled to the benefits of Labor Code section 4850.

Biggers filed a petition for reconsideration. The WCJ recommended that it be denied. The Board granted the petition and returned the matter to the trial level for further proceedings.

The parties stipulated to issuance of an award or order based on certain facts, including that Biggers was employed by the Sutter County Sheriff's Department and that she sustained a disabling injury in the course of employment.

At the hearing Biggers testified she was hired in 1989; she had been a bailiff for seven years. She had an AA degree in criminal justice. She wore the uniform of the sheriff's office and carried a weapon, a baton, and handcuffs. She had to qualify for the weapon every three months. Her position as a courtroom bailiff required her to search the courtroom and persons entering it. She was responsible for keeping the courtroom secure. She had confiscated knives and guns, and had made arrests in the courtroom. The arrests were made either at the direction of the judge or based on an outstanding warrant.

Biggers was sometimes called to other areas to respond to disorderly conduct. She also had to chase those who left or escaped the courtroom. She

---

[1] The job description for a bailiff was: "Serves at the pleasure and direction of the various courts; is responsible for the security, decorum, and dignity of the court; escorts inmates to and from court appearances; is responsible for care and custody of inmates present in court; calls the court to order, seats the jury and witnesses; provides security of the jury; and performs related duties as required."

was required to transport prisoners between courtrooms, to the county jail, and to other jails. She picked prisoners up from county jails, juvenile hall, and state prison. She had been assigned custody of prisoners in the hospital.

Biggers testified she is a sworn peace officer with a badge that says "Deputy Sheriff." She feels if a crime occurs in her presence during a break, she must take action. She would take the person into custody and then turn him over to the local police. She would have to write a report.

Sizelove testified correctional officers, including bailiffs, are sworn in as correctional officers. They are assigned either to the jail or as bailiffs. Bailiffs may arrest persons in the courthouse and in the vicinity while on duty. Someone who is disabled may serve as a bailiff. Biggers's supervisor was a disabled deputy. The duties of a correctional officer at the jail include searching prisoners and making arrests while on duty. Bailiffs and correctional officers are in the same group. Before 1989, bailiff's duties were performed by deputy sheriffs. The correctional officer's badge says "Correctional Officer."

Based on this additional evidence, the WCJ found Biggers was entitled to benefits under Labor Code section 4850.

The County filed a petition for reconsideration. The WCJ again recommended that it be denied. The Board granted the petition.

In its decision, the Board reversed the WCJ's determination. The Board found Biggers's job duties were similar to those of jailers and did not fall within the scope of active law enforcement. She was not entitled to benefits under Labor Code section 4850. One of the three Board members dissented.

This court issued a writ of review.

### DISCUSSION

 The sole question in this case is the proper interpretation of Labor Code section 4850. We are not bound by the Board's conclusions on questions of law. (*Barns* v. *Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524, 530 [266 Cal.Rptr. 503].)

 Labor Code section 4850 (hereafter section 4850) provides in pertinent part as follows:

"(a) Whenever any . . . sheriff or any officer or employee of a sheriff's office, . . . who is a member of the Public Employees' Retirement System

or subject to the County Employees Retirement Law of 1937 . . . is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the city or county, to leave of absence while so disabled without loss of salary in lieu of temporary disability payments . . . .

"(b) This section shall apply only to . . . any officer or employee of a sheriff's office, and . . . excludes employees of a county sheriff's office whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly come within the scope of active law enforcement service. . . ."

The parties stipulated that Biggers was an employee of the sheriff's office. The dispute is over whether her functions clearly come within the scope of active law enforcement service. Biggers contends section 4850 provides a clear demarcation between those who are entitled to its benefits and those who are not. The latter group includes those who provide clerical or mechanical support to the sheriff's office. In contrast, she was engaged in active law enforcement; she was uniformed and armed, kept the peace in the courtroom, transported prisoners, and occasionally made arrests.

The County relies on *United Public Employees* v. *City of Oakland* (1994) 26 Cal.App.4th 729 [31 Cal.Rptr.2d 610] *(City of Oakland)*, which held jailers at the Oakland City jail were not entitled to special disability benefits under section 4850. Arguing that a bailiff's duties are similar to those of a jailer, the County contends Biggers is not entitled to the special disability benefits.

In *City of Oakland, supra*, 26 Cal.App.4th 729, the court focused on whether the duties of the jailers "clearly fall within the scope of active law enforcement" for purposes of section 4850. "The statute was designed and has been interpreted so as to grant these special benefits only to police officers and law enforcement personnel who actively pursue investigations and make arrests in the field; these benefits are generally not available to personnel employed in less hazardous and more routine duties at a centralized location, who do not pursue active service in the field, such as clerks, typists, machinists, mechanics. [Citation.]" (26 Cal.App.4th at p. 732.)

The court noted the " 'active law enforcement service' " language was parallel to that used in Labor Code section 4800, providing special disability benefits to certain members of the Department of Justice, and in provisions of Government Code former section 20020 et seq., defining "local police

officer," "local firefighter," and "county peace officer" for purposes of the Public Employees' Retirement System (PERS).[2] The court concluded that since the language was the same, it should be interpreted the same. (*City of Oakland, supra*, 26 Cal.App.4th at p. 732.) In *City of Huntington Beach* v. *Board of Administration* (1992) 4 Cal.4th 462 [14 Cal.Rptr.2d 514, 841 P.2d 1034] (*City of Huntington Beach*), the court rejected the claim that city jailers were engaged in "active law enforcement service" for purposes of Government Code former section 20020. (*City of Oakland, supra*, at p. 733.) The *City of Oakland* court concluded it would be anomalous to hold that jailers were not "engaged in 'active law enforcement service' " for purposes of retirement benefits, but that they were for purposes of special disability benefits. (*Ibid.*)

The decision in *City of Oakland, supra*, 26 Cal.App.4th 729 is premised on the view that the categorization of employees as "engaged in active law enforcement service" is necessarily the same for purposes of retirement and disability benefits. While the "engaged in active law enforcement service" language may be the same, other differences between workers' compensation and retirement law—in language, scope, and purpose—convince us that the *City of Oakland* analysis is flawed. Its analysis is also flawed because it misreads *City of Huntington Beach* to say that whether one qualifies as a local safety member under Government Code section 20020 (now § 20425) is determinative of whether one is engaged in active law enforcement service.

In determining whether Biggers qualifies for benefits under section 4850, we find her status under PERS is irrelevant. First, we do not know Biggers's classification under PERS. While she asserts she is a "local safety member," the record is silent on the issue. Moreover, the coverage of section 4850 is not coextensive with that of PERS. By its terms, section 4850 covers employees of sheriff's offices who are members "of the Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937."[3] Where the Legislature intended to provide special disability retirement benefits to employees who met a certain PERS classification, it knew how to do so. For example, Labor Code section 4800 provides a leave of absence in lieu of temporary disability benefits to "any member of the Department of Justice falling within the 'state peace officer/firefighter' class."

---

[2]Government Code sections 20020 to 20020.10 have been repealed and replaced by Government Code sections 20425 to 20440. (Stats. 1995, ch. 379, §§ 1-2.)

[3]The classification of employees under the county retirement system may differ from that of PERS. For example, the Supreme Court has stated "county jail employees having custodial functions are clearly entitled to safety member status under the county system." (*City of Huntington Beach, supra,* 4 Cal.4th 462, 469.)

Under PERS, local safety members receive preferential benefits. (Compare Gov. Code, § 21362 with § 21353.) Local safety members include local police officers and county peace officers. (Gov. Code, § 20420.) Government Code section 20425 (previously § 20020) defines local police officer for purposes of PERS as "any officer or employee of a police department . . . except one whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise and whose functions do not clearly fall within the scope of active law enforcement service . . . ." There is a parallel provision defining county peace officer as "the sheriff and any officer or employee of a sheriff's office" with the same exceptions. (Gov. Code, § 20436.)

The following sections then provide that certain employees of police departments or sheriff's offices, such as jailers and bailiffs, may be local police officers or county peace officers, subject to an election. Government Code sections 20431 and 20439 define those whose primary duty and responsibility is for the supervision and custody of prisoners as local police officers or county peace officers. Government Code section 20440 provides that county peace officer includes employees of the sheriff's office who attend court sessions, preserve order in the courtroom, maintain the security of prisoners making court appearances, and take responsibility for jurors. Sections 20439 and 20440 provide: "This section shall not apply to any contracting agency nor to the employees of a contracting agency until the agency elects to be subject to this section by amendment to its contract with the board, made as provided in Section 20474 or by express provision in its contract with the board." Section 20431 provides essentially the same in slightly different language. Whether jailers and bailiffs are local safety members under PERS depends not on a case-by-case analysis of whether their functions "clearly fall within the scope of active law enforcement service" (Gov. Code, § 20425), but whether an election has been made to treat them as local safety members.

The issue in *City of Huntington Beach, supra,* 4 Cal.4th 462, was whether city detention officers qualified for local safety member status under PERS. The city had not elected to confer local safety member status on the jail employees as provided for in Government Code section 20020.9 (now § 20431). The high court determined the only way jailers could be classified as local safety members under PERS was by the election set forth in section 20020.9. (4 Cal.4th at p. 468.) Thus, the court in *City of Huntington Beach* did not determine whether jailers were engaged in "active law enforcement service" per se, but whether, given the specific statutory scheme of PERS, they could fall under the general definition of local safety members. Since there was a specific statute addressing jailers, they could not.

Other cases have rejected the idea that the classification under workers' compensation and under PERS must be the same. This is so because classification as a local safety member under PERS may be by election for certain employees. Entitlement to disability benefits under section 4850 is not dependent on a similar election. In *Schaeffer* v. *Public Employees' Retirement System* (1988) 202 Cal.App.3d 609 [248 Cal.Rptr. 647], this court determined whether a correctional officer for Placer County was entitled to local safety member status under PERS. The question of whether a correctional officer fell within the definition of county peace officer was answered by a specific statute, Government Code section 20021.9 (now Gov. Code, § 20439), which gave the county the option to elect to make county correctional officers county peace officers for PERS. The county had not made that election. (*Schaeffer, supra,* at pp. 612-613.)

We rejected the argument that since county correctional officers in Placer County were conferred benefits under section 4850, the county had conclusively determined they were engaged in active law enforcement service. "First, Labor Code section 4850 may be distinguished from Government Code sections 20021.5 and 20021.9 in that in the worker's compensation provision the Legislature did not expressly provide that treatment of correctional officers under section 4850 is optional with the employer, as it did under the retirement law. Second, the fact that a county extends some benefits to its correctional officers which equate with those extended to sheriff's deputies in no way binds it to extend all of the same benefits to those employees." (*Schaeffer* v. *Public Employees' Retirement System, supra,* 202 Cal.App.3d at p. 614.)

In *Charles* v. *Workers' Comp. Appeals Bd.* (1988) 202 Cal.App.3d 781 [248 Cal.Rptr. 805], a civilian paramedic for the City of Santa Ana was found statutorily eligible for benefits under section 4850 as a firefighter. In *Charles* v. *Board of Administration* (1991) 232 Cal.App.3d 1410 [284 Cal.Rptr. 106], the same employee was not entitled to classification as a local safety member under PERS. There was a statute permitting the local entity to elect to treat paramedics as local safety members and the City of Santa Ana had not made the election. (*Id.* at p. 1413.) The court found the workers' compensation classification was not binding on PERS. It concluded that the Legislature intended workers' compensation and pension coverage to be construed differently. (*Id.* at p. 1414.)

In determining whether Biggers is entitled to benefits under section 4850, we look not to pension law, but to section 4850 itself. ■ "A fundamental rule of statutory construction is that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] In

construing a statute, our first task is to look at the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.]" (*DuBois* v. *Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 387-388 [20 Cal.Rptr.2d 523, 853 P.2d 978].)

 Section 4850 applies to "any officer or employee of a sheriff's office." The reference to "any employee" as well as "any officer" indicates the Legislature intended it to apply to others than deputy sheriffs. Section 4850 excludes "employees of a county sheriff's office whose principal duties are those of a telephone operator, clerk, stenographer, machinist, mechanic, or otherwise, and whose functions do not clearly come within the scope of active law enforcement service. . . ." A bailiff is not specifically included in the list of excluded employees.

The County contends bailiffs fall under "or otherwise" because their "functions do not clearly come within the scope of active law enforcement service." The term "or otherwise" is a relative term. "When so used as a general phrase following the enumeration of particular things, such words are usually interpreted in a restricted sense as referring to things or matters of the same kind [*ejusdem generis*] as those specifically enumerated." (*In re Cook* (1944) 67 Cal.App.2d 20, 26 [153 P.2d 578], disapproved on other grounds in *In re Davis* (1951) 37 Cal.2d 872, 874 [236 P.2d 579].)

The question, then, is whether a bailiff, armed and in uniform, assigned to maintain security in the courtroom and responsible for the security and custody of inmates, as well as the care and security of the jurors, is in the same class as support personnel of the sheriff's office performing more routine tasks, such as telephone operators, clerks, stenographers, machinists, and mechanics. We find it is not.

 The purpose of section 4850 is to provide special benefits to police, sheriffs, and firefighters. "The reason for such exceptional treatment for policemen and firemen is obvious: not only are their occupations particularly hazardous, but they undertake these hazards on behalf of the public. The Legislature undoubtedly sought to ensure that policemen and firemen would not be deterred from zealous performance of their mission of protecting the public by fear of loss of livelihood." (51 Ops.Cal.Atty.Gen. 32, 34 (1968).)

 Like police and firefighters, courtroom bailiffs also protect the public, as shown by Biggers's testimony that she had confiscated guns and knives. Their contact with inmates exposes them to hazards. While these hazards may not be as great as those faced by sheriff's deputies on patrol,

they are of the same kind and they are distinct from the job hazards faced by clerks, typists, and machinists.

██ "All aspects of workers' compensation law . . . are to be liberally construed in favor of the injured worker. [Citation.]" (*Save Mart Stores* v. *Workers' Comp. Appeals Bd.* (1992) 3 Cal.App.4th 720, 723 [4 Cal.Rptr.2d 597]; see also Lab. Code, § 3202.) Where the provisions of workers' compensation laws are susceptible of an interpretation either beneficial or detrimental to injured employees, they must be construed favorably to the employees. (*Burns* v. *Workmen's Comp. App. Bd.* (1969) 2 Cal.App.3d 539, 543 [82 Cal.Rptr. 678].)

██ Liberally construed, a bailiff's functions in maintaining order in the courtroom and taking responsibility for the security and custody of inmates are "within the scope of active law enforcement service." Accordingly, Biggers is entitled to benefits under section 4850.

The order is annulled and the cause remanded for further proceedings consistent with the views expressed herein. Biggers shall recover her costs on review.

Scotland, P. J., and Hull, J., concurred.